J. M. LEE, as Comptroller, *et al.*, Petitioners, v. ATLANTIC COAST LINE R. Co., Respondent.

200 So. 71

En Banc

Opinion Filed January 14, 1941

620

622.

*George Couper Gibbs*, Attorney General, *Nathan Cockrell*, Assistant Attorney General, and *Keen & Allen*, for Petitioners;

*Thomas B. Adams, John B. Sutton* and *Louis Kurz*, for Respondent.

WHITFIELD, J.—A petition has been filed here by defendants below praying for an interlocutory writ of certiorari under Supreme Court Rule No. 34, to review an order of the Circuit Court denying a motion to strike as immaterial and irrelevant stated portions and specifically paragraph VII of the amended bill of complaint brought by the railroad company against the State Comptroller and others to enjoin

the enforcement of personal property taxes levied for 1933 against the railroad company by special road and bridge districts, such taxes being alleged to be unauthorized by law and therefore illegal. See Sec. 3, Art. IX, Constitution.

Defendant petitioners present the following questions:

"1. Does Section 960 C. G. L. (Section 747, Revised General Statutes) authorize the State Comptroller to allocate railroad rolling stock and personal property to a special road and bridge district for assessment purposes?"

"2. Did Chapter 10144, Laws of Florida, Acts of 1925, approved June 8, 1925, which amended Section 1660, Revised General Statutes of Florida, impliedly amend Section 747, Revised General Statutes of Florida, as amended by Chapter 10284, Laws of Florida, Acts of 1925, so as to eliminate from Section 747, the authority granted to the State Comptroller to allocate railroad rolling stock and other personal property to a special road and bridge district for assessment purposes?"

The railroad company, respondent here, states:

"The interlocutory appeal by certiorari now presented to the Court in this cause involves a single question, namely: 'Can rolling stock and other personal property of railroads, not actually situated within a special road and bridge district, be constructively allocated thereto by the Comptroller for the purpose of being subjected to ad valorem debt service taxes levied for such a district?'

"The petitioners contend that Section 960, Compiled General Laws, requires an affirmative answer to this question. The respondent contends that Sections 2687, 2688, and 2692, Compiled General Laws, and cognate statutes, require a negative answer. Judge Love agreed with the respondent's contention."

Section 960 (747), C. G. L., enacted as Section 1, Chapter 10284, Acts of 1925, is the ultimate amendment of Section 47, Chapter 4322, Acts of 1895, a general statute entitled "An Act for the assessment and collection of Revenue." It defines subjects of taxation and the method of assessing and collecting taxes.

Sections 2687 (1655), C. G. L., is Section 8 of Chapter 6208, Acts of 1911, as amended by Section 3 of Chapter 6879, Acts of 1915. Section 2688 (1656, C. G. L., was enacted as Section 9, Chapter 6208, Acts of 1911. Section 2692 (1660), C. G. L., is Section 14 of Chapter 6208, Acts of 1911, as amended by Section 1, Chapter 10144, Acts of 1925.

Chapter 6208, Acts of 1911, is entitled:

"An Act To Authorize the Counties of the State of Florida To Create and Constitute Special Road and Bridge Districts, within Said Counties; and To Issue Bonds and Levy and Collect a Special Road and Bridge Tax with Which To Pay for the Construction, Repair and Maintenance of the Roads and Bridges within Said Special Roads and Bridge Districts."

Chapter 6208 and the amendments thereto are not primarily revenue statutes and they do not purport to amend or qualify and do not conflict with Section 960 (747), C. G. L., which is a revenue statute.

The words "a tax upon all real and personal property, railroads, telegraphs, and telephone lines owned or situated within said Special Road and Bridge District, to realize a sum sufficient to pay the interest upon said bonds as it may become due and to create a sinking fund for the payment of the principal of said bonds at the maturity of same" in Section 9 of Chapter 62-8, Acts of 1911, now Section 2688 (1656), C. G. L.; and the words "the tax for the payment

of interest and to provide a sinking fund for the payment of the bonds, shall be assessed and collected only upon the taxable property within the boundaries of such Special Road and Bridge district" contained in Section 8 of Chapter 6208 as amended by Section 3, Chapter 6879, Acts of 1915, now Section 2687 (1655), C. G. L., and similar words in other statutes considered with the taxing statutes are intended to confine the tax authorized by the chapter to property which may by law be assessed and collected in the district; and such words do not modify or amend or restrain the operation of the laws of the State appropriately making personal property of railroad companies to be constructively in counties or districts in which railroad mileage is situate, for purposes of taxation by the districts; and the statutes referred to do not purport to restrain but contemplate the operation of applicable revenue statutes, such as Section 960 (747), C. G. L., which is applicable in this case. The taxing power of the Legislature is not affected by statute. The words "within" and "situated within" as used in the above statutes are not intended to exclude personal property in the State which may by statute be given a constructive status for taxation.

Section 960 (747), C. G. L., the revenue statute, states subjects of taxation and commands the State Comptroller to make reports to the county tax assessors of the apportionments of valuations of property made by him under the laws of the State, to be assessed against railroad companies on their railroad real and personal property valued on the unit system and allocated to the taxing districts for taxation purposes in counties where a part of the railroad track is in such districts, though the personal property so valued and apportioned may not be in the district to which the allocation is made. Chapter 10144, Acts of 1925, approved

June 8, 1925, does not amend the revenue statute, Section 960 (747), C. G. L., containing the amendment by Chapter 10284, approved May 26, 1925, but amends Section 1660, Revised General Statutes or Section 14 of Chapter 6208, Acts of 1911, now Section 2692 (1660), C. G. L. relating to taxation for road construction by special road and bridge districts, so as to specifically make the indebtedness of the districts payable only by taxable property within the districts respectively and not by real and personal property that cannot lawfully be made taxable within the district and by such taxes derived from railroad real and personal property that may lawfully be assessable by special road and bridge districts under the law, as well as by other real and personal property that is by law assessable in the districts. The assessments to be made under the amendment now shown by Section 2692 (1660), C. G. L., upon "all railroads and railroad property . . . situated in such" districts, "and to collect the taxes thereon in the same manner as required by law to assess and collect said taxes for State and county purposes," meaning Section 960 (747), C. G. L., as amended by Chapter 10284, approved May 26, 1925, or as otherwise "required by law."

The statute requiring railroad property to be valued for taxation on the unit system and requiring allocation of valuations of personal property used by the railroads to be made to different taxing units by the State Comptroller and by him reported to the tax assessors for the assessment and collection of taxes upon such allocated values makes the portion of the personal property so valued and allocated and reported to the tax assessors to be constructively in the several taxing units for taxation purposes, including special road and bridge districts, the personal property being subject to taxation in the State and a part of the railroad mileage

being in each taxing unit to which allocations of values are made. The special road and bridge district statutes do not, if they legally could, forbid the statutory allocations of railroad personal property values to taxing units respectively in which railroad mileage exists.

Sections 2687, 2688, and 2692, C. G. L., are not primarily revenue statutes, but relate to the establishment, maintenance and operation of special road and bridge districts for the construction of public highways by taxation as may be provided by law and make provision for paying for district roads and bridges. Such statutes do not conflict with laws imposing taxes upon allocated values of personal property used by railroads whose mileage extends into such special taxing units, such allocated values to be assessed and collected as may be provided by statute for special road and bridge district purposes. as well as for State and county purposes.

Where personal property is located in a State, the taxing situs of such property may be regulated by statute when no other controlling law is violated. Statutes may provide that property of railroad companies extending into several counties, municipalities and taxing districts, and personal property used in the railroad operation or maintenance may be valued on a unit basis by a State official agency for taxation purposes; and such valuation may be apportioned to taxing units on a mileage basis of the tracks in the several units, and the values of personal property used in transportation of persons or property over the lines or for other construction, maintenance or operating purposes, may be apportioned among the several taxing units as a part of the assessment upon the track mileage or otherwise as statutes may provide, to "secure a just valuation of all property, both real and personal," (not exempt by law)

upon which "just valuations a uniform and equal rate of taxation" may be levied, as commanded by Section 1, Article IX, of the Florida Constitution of 1885. See Harknee v. S. A. L. Ry., 99 Fla. 1027, 128 So. 428.

In Atlantic Coast Line Railroad Company v. Amos, 94 Fla. 588, 115 So. 315, it was the taxing statute, Section 747, R. G. S., *before its amendment* by Chapter 10284, Acts of 1925, which was held not to cover taxation of the personal property of railroad companies for 1924 which it was sought to have apportioned to the taxing districts. The amendment of 1925 to the section which is now shown by italicized words contained in Section 960 (747), C. G. L., copied in the statement filed herewith, removed the stated defect held to be in the section as it was under Chapter 9178, Acts of 1923, and before the amendment of 1925, in Chapter 10284. Section 960 (747), C. G. L., containing the amendment of 1925, was the applicable law in 1933 when the taxes here challenged were assessed. It was not necessary for Section 960 (747), C. G. L., a general revenue statute, to amend or to refer to statutes relating to taxing districts; and the revenue statute judicially interpreted is not in conflict with the special taxing district statutes.

The decision in Atlantic Coast Line Railroad Company v. Amos, *supra,* involved taxes of 1924 and was predicated upon Section 1 of Chapter 9178, Acts of 1923, before it was amended by Chapter 10284, Acts of 1925. Such amendment of 1925 specifically provides that the Comptroller shall apportion railroad personal property values to districts and notify the county assessor of taxes of each county through which such railroad runs of the number of miles of track and the value thereof, and the proportionate value of the personal property required to be allocated as taxable in the respective counties, special school districts, special road dis-

tricts and other special districts that may exist. Chapter 10144 Acts of 1925, amending Section 1660, R. G. S., now Section 2692 (1660), C. G. L., does not by its terms or intendments amend or restrain, but supports Section 747 R. G. S., as amended and now Section 960, C. G. L., as authority for apportioning railroad personal property tax valuations among the appropriate special road and bridge districts and to report to the county tax assessors such valuations for such districts to be assessed, and the tax thereon collected in the same manner as are State and county taxes. Sections 2687, 2688 and 2692, C. G. L., do not in legal effect modify or detract from Section 960 (747), C. G. L. Section 2692 (1660), C. G. L., shows Section 1660, R. G. S., as amended by Chapter 10144, Acts of 1925, and contains the following:

"It shall be the duty of the Comptroller of the State to assess all railroads and railroad property, together with telegraph lines and telegraph property situated in such special road and bridge district and to collect the taxes thereon in the same manner as required by law to assess and collect said taxes for State and county purposes, and to remit the same to depositories of the counties, to be by them held to the credit of each special road and bridge district fund and to be paid out as provided by law."

The sections of the statute last referred to related to taxes which shall be assessed and collected as required by law, and do not purport to (if they could) limit the taxing power as to subjects of taxation or to confine the power of taxation to personal property actually situated in the districts respectively. Statutes may make personal property in this State of railroad companies whose lines extend into or through several counties and districts, taxable proportionately along with the mileage tax. Some of the personal

property, such as rolling stock and incidentals, traverse roads in various districts during the year and other personal property is used in the process of construction, maintenance or operation of the entire or a portion of the entire mileage, though such personal property is not situated in the districts severally. The revenue statute defines the subjects of taxation and makes the personal property of the railroad companies in this State to proportionately be constructively in the several districts for taxation purposes when a portion of the mileage is in such districts. Section 1, Article IX, of the Constitution does not limit the taxing power of the Legislature to State, county and municipal taxation. Taxing districts are now a part of the fiscal taxing system of the State. See Sections 10, 11, 17, Article XII, and amended Section 6 and Section 10, Article IX, Florida Constitution. Statutory taxing power is as potent as to taxing districts as it is to the State, counties and municipalities, unless restrained by a paramount law.

Amended Section 960 (747), C. G. L., requires the Comptroller to apportion the values of personal property referred to in the section and it was not necessary to repeat the classes of such personal property in requiring such apportionment to be reported to the county tax assessors for actual assessment on the State, county and district tax assessment rolls. Statutes are not required to be verbally perfect if, as judicially interpreted, they sufficiently express the legislative intent.

The law requires the county tax assessors to assess property made subject to taxation by law, including real and personal property values reported to them by the Comptroller for completed assessment under the statutes of the State. It is the duty of the tax collector to collect all taxes assessed. In practice railroad taxes are collected by the

State Comptroller. Valuations and allocations by the Comp-troller are a part of the assessments.

An interlocutory writ of certiorari will be issued and the order of the circuit court is quashed in so far as it is in conflict with this opinion.

It is so ordered.

TERRELL, C. J., BUFORD, CHAPMAN and BROWN, J. J., concur.