DREW, Justice.
This is an appeal from a declaratory decree of the Circuit Court of Pinellas County upholding the constitutionality of the Mosquito Control District of Pinellas County, a special taxing district having boundaries co-terminous with the boundaries of Pinellas County. The basic contention of appellant Board of County Commissioners of Pinellas County is that the decision of this Court in State ex rel. Board of Commissioners of Indian River Mosquito Control District v. Board of County Commissioners of Indian River County,[1] [Hereafter referred to as the Indian River County case], wherein in an identical situation this Court held “There is no constitutional inhibition against the Legislature which prohibits it [the Legislature] from- making the boundaries of a special taxing district coextensive with the boundaries of a county” was overruled in the later case of Crowder v. Phillips,[2]. [hereafter referred to as Crowder].
The background of this litigation is material to an understanding of the full issue before us; hence we incorporate here the following excerpts from the final decree of the chancellor under review:
“By Chapter 57-1726, Laws of Florida, Special Acts, 1957, the Board of Commissioners of the Mosquito Control District of Pinellas County was abolished, and all of the powers and duties of that board were lodged with the Pinellas County Health Board. Chapter 57-1726 was submitted to referendum and approved.
“Under Chapter 57-1726 the Pinellas County Health Board was given all the powers of the former Board of Commissioners of the Mosquito Control District of Pinellas County. Included in these powers are those powers set forth in Chapter 388, Florida Statutes, 1965 [F.S.A.]. Section 388.201 of that Chapter provides for the making of the work-plan budget for the ensuing year. This budget is sent to the State Board of Health for review, and at no point is a Board of County Commissioners given any authority to review such budget.
“In Chapter 57-1726, Laws of Florida, Special Acts, 1957, and Section 3 thereof, the Board of County Commissioners of Pinellas County is required to order the levy . of taxes for arthropod control under the Pinellas County Health Board up to one-half mill. The tax levy, as determined by the governing body of the mosquito or arthropod control district is certified to the Board of County Commissioners which is required to make the levy accordingly. (Section 388.221, Florida Statutes, 1965 [F.S.A.].)
“Section 388.201, Florida Statutes, 1965 [F.S.A.], provides for the governing board of the Mosquito Control District (in this case, the Pinellas County Health Board) to prepare an annual budget for arthropod control measures during the ensuing fiscal year, submit it to the State Board of *598 Health, conduct public hearings on the proposed budget, etc.
“Section 388.201, provides in part as fol-. lows:
“ ‘Promptly thereafter, the governing board shall give consideration to objections filed against adoption of the budget and in its discretion, may amend, modify or change the tentative detailed work-plan budget, and shall by September IS following, adopt and execute on a form furnished by the State Board a certified budget for the district, which shall be the operating and fiscal guide for the district. Certified copies of this budget : shall be submitted by September IS to the State Board for approval.’
“Preparation of the annual budget, therefore, is lodged with the Pinellas County Health Board, and final approval comes from the State Board of Health.”
Appellant argues, as we have noted above, ■' that the Indian River County case, supra, was overruled in the later Crowder case,; supra. We do- not agree. The factual; situation of Crowder is wholly different j from the1-factual situation under discussionl here.' Óur conclusion that it was not the ' intention of this Court to overrule the f Indian River County case is fortified by the later case of Wilson v. Hillsborough County Aviation Authority, which involved-]/ the identical question we have here. *" •irf~ upholding the district in Wilson v. Hillsborough County Aviation Authority, [3] we had occasion-lo review the Indian River County case as well as Crowder and other cases yolving substantially the same question. In that case we reaffirmed the holding of :his Court in a long series of cases that such special taxing districts were valid where it appeared that such agency served an important and valid public purpose.. “When an analysis of a statute reveals that an appropriate county purpose will be served by the agency created, we have consistently extended to the legislation our judicial approval.[4] * * * It is suffjci-éht to conclude the point with the^observation that so long as the puppósé served is a public one, therg. .is'ho constitutional prohibition aga-riist the establishment of such districts and authorities.”[5]
The several opinions in Crowder admittedly have been the source of some confusion.[6] Tlie language in Crowder must be considered in relation to the factual situation and the statutes with which the Court was there concerned. The statutes in Crowder created a district which was co-terminous with the county. This district was not only empowered to levy annual taxes for the purpose of carrying on certain specified services or public responsibilities but also to issue bonds to construct hospitals. It was the conclusion of the Court in Crowder that such statutes unduly restricted and impaired the constitutional-plan of county government and so substantially restricted and impaired the powers and responsibilities of the Board of County Commissioners as to defeat the constitutional system of county government prescribed in the Constitution by the people. *599 Therefore, the language in Crowder “It is our conclusion that a district may not be created with general taxing authority but must be restricted to the power to levy assessments for special benefits and that the general power of taxation can be exercised only by the county” must be considered in the light of the above observations. In any event, anything that might be construed in Crowder as holding that special tax districts with boundaries co-terminous with the county are ipso facto unconstitutional is hereby specifically receded from and the holding in Wilson v. Hillsborough County and the Indian River County case is hereby approved and reaffirmed.
Appeiiant makes a good argument on the proposition that subsidiary taxing districts carrying on what are generally thought in this period of time to be county purposes are not in the best interest of the public and result in fragmentation of local power and confusion in the administration of county affairs. This argument, however, is one primarily for the consideration of the Legislature. Much of the force of appellant's argument is lost by the concession of legality of such taxing districts incorporating only a part of the county. From the standpoint of efficiency of government, it seems to us that the evil of which appellant complains would not be cured by the decision which it seeks here.
With the great expansion of population and the complexities of modern living, it has become necessary to create administrative or governing agencies in specialized fields. For example in State government, we have the Florida Public Utilities Commission, the Workmen’s Compensation Division, the Beverage Department and numerous branches and agencies of the government dealing with specialized subjects and operated by specialists in the particular areas and subjects affected. It is in this type of situation that such taxing districts serve a legitimate purpose. In the case before us we have a body dealing with mosquito control and eradication in close association with the Department of Public Health, unquestionably closely related to mosquito control. In Wilson v. Hillsborough County we were concerned with the development of aviation and facilities for aerial transportation and other matters germane to that specialized subject.
The Constitution provides for and contemplates units of the State known as counties to be governed by Boards of County Commissioners. The Legislature is without power to destroy or substantially curtail or unduly interfere with the traditional governmental functions of county officers, but we do not feel that the district involved in this case in any way accomplishes that result. It is appurtenant t~ and not inconsistent with the constitutional plan of county government, and the power of the Legislature to create such districts, as we have heretofore said, flows from its inherent power to tax.[7]
Affirmed.
THORNAL, C. J., and O'CONNELL, CALDWELL and ERVIN, JJ., concur.
THOMAS, J., agrees to conclusion.

. 103 Fla. 946 138 So. 625 (1931).

. 146 Fla. 428, 1 So.2d 629 (1941).

. Fla., 138 So.2d 65.

. Ibid. 138 So.2d p. 67, citing Kirkland v. Phillips, Fla.1958, 106 So.2d 909; State v. Dade County, Fla.1953, 62 So.2d 404; State v. Dade County, 1946, 157 Fla. 859, 27 So.2d 283.

. Ibid. p. 67, citing Lainhart v. Catts, 73 Fla. 735, 75 So. 47.

. For instance, see The Florida Supreme Court and Taxing Districts with Ad Valorem Taxing Powers, 6 University of Miami Law Quarterly 554 (1952) ; Starling Special District Taxation, 13 University of Florida Law Review 531 (1960). Also with reference to the validity of special tax districts generally,, see Robert G. Smith, Public Authorities, Special Districts and Local Government,. National Association of Counties Research Foundation, Washington, D.C., 1964; Stanley B. Frosh, “Special District Government — a Symptom, Not a Solution”, The American County Action, Program for Home Rule (1962), a National Association of Counties.

. Lee v. Atlantic Coast Line R. Co., 145 Fla. 618, 200 So. 71 (1941).