ROBERTS, Justice.
This appeal brings for review a decision of the trial court directly passing upon the constitutionality of Chapter 150, Florida Statutes, F.S.A., and holding such to be valid. We, therefore, have jurisdiction under Section 4(2), Article V, Constitution of Florida, F.S.A.
In June, 1964, after notice given, the Board of County Commissioners of Pinellas County, Florida, provided for the establishment of a county library system as authorized by Chapter 150, Florida Statutes, to be financed by a tax levy of one-half mill on unincorporated areas and “such municipalities as desire to participate” or do not use money from ad valorem sources for library services. The resolution included the provision that library services be administered by contract with the City of St. Petersburg through its library facilities, subject to the direction of an advisory board to be appointed by the Board of County Commissioners of Pinellas County. The advisory board was designated by the commissioners, but no library board was appointed by the Governor as authorized by Chapter 150, Florida Statutes.
On August 25, 1964, by resolution, the Board of County Commissioners levied a tax of one-half mill for the “Pinellas County Free Library Fund” excluding property in a number of municipalities within the county from the levy of the tax, among which were Largo and Indian Rocks Beach South Shore. The criteria for exclusion was advice by the municipalities that property within the municipality is already taxed for such purpose. The town of Largo was excluded from the tax levy for library services because the authorities of that town advised the Board of County Commissioners that their property was already so taxed. Real property within the town of Indian Rocks Beach South Shore was first excluded from the tax levy because the town authorities advised the commissioners that property within their town was also taxed for library purposes, but later notified the Board that they were not making such a levy; however, the advice came too late to change the resolution so as to include them in the tax levy area. The town of Indian Rocks Beach South Shore is, therefore, not subject to the tax, nor does it receive coun *167 ty library service under the terms of the contract.
Subsequently, the county entered into a contract with the City of St. Petersburg for library services in certain areas of the county corresponding to the areas taxed for county library services, the implementation of which has been held in abeyance pending the outcome of the present litigation. The appellant, a resident, taxpayer and mayor of Belleaire Shore, on behalf of himself and all other taxpayers of Pinellas County, Florida, similarly situated, brought suit to enjoin collection of the tax and made a direct assault on the constitutionality, vel non, of Chapter ISO, Florida Statutes. The lower court upheld the validity of the Act.
In assaulting the Act the appellant contends that it exempts properties for taxation for reasons other than municipal, educational, literary, scientific, religious, or charitable purposes, contrary to Section 1, Article IX, Constitution of Florida, and that it attempts to classify property for the purpose of the levy of a tax for a “County Free Library Fund” as set forth in § 150.08(1), Florida Statutes, in a manner that is arbitrary and capricious and bears no just relationship to the purpose for which the classification is made.
The Act does not exempt any property from taxation; it simply creates a taxing district to be composed of an area within the territorial limits of the county, less property “already taxed for library purposes”. This court has long recognized that the Legislature may create taxing districts. See Lainhart v. Catts (1917), 73 Fla. 735, 75 So. 47; and Hayes v. Walker (1907), 54 Fla. 163, 44 So. 747. The contract under which the library services would be rendered limits the use of such services to residents of the taxed area. It may be, as contended by appellant, that occasionally a person from one of the exempted municipalities would make an occasional use of the library services thus provided, but that alone would not vitiate the program. In Hunter v. Owens (1920), 80 Fla. 812, 86 So. 839, this court said:—
“ * * * the mere fact that persons who do not share the tax burden may also be benefited by the undertaking does not affect the governmental power. It is not practicable or contemplated that public benefits shall be shared only by those who bear the burden thereof.”
The trial court was eminently correct in holding valid Chapter 150, Florida Statutes, against the attack above mentioned.
We come next to the question of whether or not the program established under Chapter 150, Florida Statutes, in Pinel-las County, is valid against the attack that no library board has been established with its members appointed by the Governor as required in § 150.03. The Pinellas County plan provides for an advisory board to be designated by the County Commissioners, but it is conceded that no board has been set up in accordance with § 150.03, Florida Statutes 1965.
Appellee contends that an amendment to the Act provided in Chapter 29648, Laws of Florida 1955, abates the necessity for the board provided in § 150.03, Florida Statutes, and the trial court agreed. Prior to 1955, § 150.03, F.S., read:—
“When in any county the board of county commissioners thereof shall have determined to establish, operate and maintain for such county a free library or free library service, such library or library service shall be administered by a library board, composed of five members who shall be citizens of the county, of either sex, appointed by the governor of the state. * * * ” (Italics supplied.)
The 1955 Act, supra, restated the Section omitting the words “or free library service” *168 and “or library service”, to make it read as follows:—
“When in any county the board of county commissioners thereof shall have determined to establish, operate and maintain for such county a free public library, such library shall be administered by a library board, composed of five members who shall be citizens of the county, of either sex, appointed by the governor of the state. * * * ”
In disposing of this question the learned Chancellor below said:—
“ * * * It is difficult to see what the Legislature intended, if it intended anything other than to eliminate the need for a library board, where a free public library service is to be provided, as opposed to a free public library. This conclusion is borne out by the 1955 amendment (Chapter 29648, § 2) to Section 150.05, which previously required annual reports by the library board president, in counties having ‘a library or library service’. The 1955 amendment deleted references to library service, while retaining the language in regard to ‘operation of the library’.
“The certified copies of contracts between the County and the City of St. Petersburg unequivocally demonstrate that the county chose to provide ‘free library service’, in accordance with Section 150.06, Florida Statutes, by contracting with the municipality. It is difficult to see what function a library board would perform in this instance. It is the opinion of this Court that the Legislature foresaw the uselessness of a library board, when contracts with municipalities for free library service were to be provided, and thus eliminated the requirement of a library board in such circumstances, by the said 1955 amendments. Thus, the county acted within its authority, in regard to acting without a library board.”
We agree.
Having considered all of the contentions of the appellant, and finding them to be without merit, the judgment of the lower court is
Affirmed.
THORNAL, C. J., and THOMAS, DREW, O’CONNELL, CALDWELL and ERVIN, JJ., concur.