QUESTIONS:
1. Is the Sebastian Inlet Tax District a `governmental unit of Brevard County'?
2. Do the provisions of s. 200.065, F. S., govern the procedures whereby the Sebastian Inlet Tax District establishes its budget, adopts its budget, and levies a tax on the real property within said district for the fiscal year 1977-1978?
SUMMARY:
The Sebastian Inlet Tax District, a multicounty taxing agency, is a governmental agency of the state for certain definite purposes, and not a governmental unit of Brevard County. Therefore, Ch.74-430, Laws of Florida, an act relating to Brevard County and local governments therein, does not apply to such multicounty taxing authority. Section 200.065, F. S., sets out the procedures by which a multicounty taxing authority, such as the Sebastian Inlet Tax District, establishes and adopts its budget and levies a tax on the real property within its boundaries.
Question 1 is answered in the negative, and question 2 is answered in the affirmative.
AS TO QUESTION 1:
The authority of the Legislature to create special taxing districts is inherent in its power to tax. Pinellas County v. Mosquito Control District of Pinellas County, 194 So.2d 596 (Fla. 1967); State v. Board of County Com'rs of Indian River County,138 So. 625 (Fla. 1931); 31 Fla. Jur. Taxation s. 39 (1974). The Sebastian Inlet Tax District was created by Ch. 7976, 1919, Laws of Florida; as amended by Ch. 12259, 1927, Laws of Florida; Ch. 22891, 1945, Laws of Florida; and Ch. 76-329, Laws of Florida. The district is comprised of certain lands in Brevard County and Indian River County and is, therefore, a `multicounty taxing authority.'
Your first question was prompted in part by the fact that the Sebastian Inlet Tax District levied no taxes for the years 1976 and 1977, but now requires funds for the 1977-1978 fiscal year to be raised by an ad valorem tax levy. However, Ch. 74-430, Laws of Florida, imposes upon `[a]ll governmental units of Brevard County' the following requirement:
 If the ad valorem tax revenues for the proposed budget of a governmental unit for operating funds exceeds by 10 percent the ad valorem tax revenues for operating funds of the preceding year exclusive of the revenues to be raised from new construction and improvements not appearing on the previous year's assessment roll, then the governmental unit shall submit the following question to a referendum of the registered voters within that governmental unit, to-wit:
 Shall the budget of (insert name of governmental unit) be final as approved by the governing body?
Hence, it must be initially determined whether Ch. 74-430 is applicable to the Sebastian Inlet Tax District.
The question of whether the Sebastian Inlet Tax District is a `governmental unit of Brevard County' for the purposes of Ch.74-430 is governed by the rationale of my previous opinion in AGO 074-28. That opinion discussed the South Lake Worth Inlet District, a special taxing district created by Ch. 7080, 1915, Laws of Florida, and the applicability of Chs. 71-14 and 73-129, Laws of Florida, governing home rule powers of counties and municipalities.
The purpose of creating the South Lake Worth Inlet District was to `. . . carry out a restricted, specialized governmental function . . . and not for general community government.' Attorney General Opinion 074-28. Said district was further described as:
 . . . an autonomous, separate legal entity created by statute. It is headed by an elective governing body which is independent and separate from any county or municipal government. The district is a governmental agency of the state for certain definite purposes having only such authority as is delegated to it by law. . . . The South Lake Worth Inlet District is neither a county, a municipality, nor an agency thereof. [Attorney General Opinion 074-28; emphasis supplied.]
The Sebastian Inlet Tax District was created to `. . . construct and maintain an Inlet between the Indian River and the Atlantic Ocean . . .' for the purpose of `. . . shipping . . . transportation and . . . extension of commerce . . .' and is governed by an elective body. Chapter 7976, 1919, Laws of Florida.
Since the Sebastian Inlet Tax District and the South Lake Worth Inlet District are substantially similar in nature, powers, and functions, it appears that, for the purposes of this opinion, the Sebastian Inlet Tax District is also a `governmental agency of the state,' and not a governmental unit of Brevard County. See also
AGO 071-95, in which I stated that special districts `. . . are not a part of but are in place of county government.'
In support of the above reasoning, the Supreme Court of Florida in Forbes Pioneer Boat Line v. Board of Com'rs, 82 So. 346, 350 (Fla. 1919), described the Everglades Drainage District as a `. . . public quasi corporation, and, as such, a governmental agency of the state for certain definite purposes . . . .'
Moreover, as a multicounty agency, the Sebastian Inlet Tax District does not operate in Brevard County alone. Chapter 74-430, Laws of Florida, is a local or special act relating to, and operating solely in, Brevard County and local governments therein. It has no operative force in Indian River County or in the Sebastian Inlet Tax District's operations or taxing power in Indian River County. Our State Constitution also requires that ad valorem taxation be at a uniform rate throughout a taxing district. Section 2, Art. VII, State Const. Cf. Williams v. Jones,326 So.2d 425, 430 (Fla. 1975).
Based upon the foregoing authority, it appears that, for the purposes of Ch. 74-430, Laws of Florida, the Sebastian Inlet Tax District is a governmental agency of the state and not a governmental unit of Brevard County. As such, the district's government, taxation, and procedures cannot be bifurcated, and the referendum requirement contained in Ch. 74-430 is not applicable to such multicounty district. Cf. s. 200.111, F. S., excluding multicounty districts from the operation of s. 200.071, F. S.
AS TO QUESTION 2:
Since the referendum requirement of Ch. 74-430, Laws of Florida, does not apply to the Sebastian Inlet Tax District, your second question is answered in the affirmative. Section 200.065(9), F. S., specifically states:
 Multicounty taxing authorities shall be subject to the provisions of this section.
 . . . This section shall not apply to any multicounty taxing authority wherein the district or board is limited by law to ad valorem tax revenues based on separate levies of one mill or less.
Chapter 76-329, Laws of Florida, enables the Sebastian Inlet Tax District to levy a special tax not exceeding 1 1/2 mills, thereby bringing the district within the purview of s. 200.065(9), F. S.
The necessary procedures establishing the method for fixing the millage rate based upon a proposed increase in ad valorem tax revenues over the previous year by a multicounty taxing authority in ad valorem forth in s. 200.065(2), F. S. In summary, the guidelines found in s. 200.065, F. S., are as follows: The multicounty taxing authority must receive a certified millage from the Executive Director of the Department of Revenue; the taxing authority must finalize the budget for the district; the taxing authority must advertise its intent to increase the millage in a newspaper of general circulation in the county or mail a copy of the notice to each elector within the jurisdiction on the taxing authority; approximately 7 days subsequent to the first advertisement, a public hearing must be held to discuss the planned millage increase; after the first public hearing, the proposed increase must be readvertised and approximately 2 weeks later the taxing authority must meet again to adopt a resolution levying the millage rate; a copy of the adopted resolution must be forwarded to the property appraisers of both counties, the tax collectors of both counties, and the Department of Revenue.
Since the district cannot exceed the taxing authority conferred upon it by the Legislature, the maximum tax that the district can levy is 1 1/2 mills. Chapter 76-329, Laws of Florida.
Prepared by: Patricia S. Turner Assistant Attorney General Gary Preston Legal Research Assistant