Betty Easley Representative, 56th District Tallahassee
QUESTION:
Would a proposed amendment to the special act, as amended, creating a Board of Juvenile Welfare for Pinellas County, which amendment would increase the authorized millage rate from 1/2 mill to 1 mill per year for the funding of the operations of the board, require ratification by the electorate in a referendum in order to become effective?
SUMMARY:
Section 9(b), Art. VII of the State Constitution prohibits an increase in the maximum millage which may be levied in order to provide operating funds for the Board of Juvenile Welfare for Pinellas County from 1/2 of 1 mill to 1 mill, until such time as any legislative authorization for the higher millage levy is approved by a vote of the electors.
Your question is answered in the affirmative.
The Board of Juvenile Welfare for Pinellas County was created by Ch. 23483, 1945, Laws of Florida, consisting of seven members (three county officers and four members appointed by the majority of the three county officers), and operates on a countywide basis. The creating act also provided funds for the operation of the board through the levy on all property in Pinellas County subject to county taxes of an `additional tax' of 1/2 mill for the years 1947 and 1948 and thereafter a tax of 1/4 mill on such property with the funds collected from such additional tax `deposited in a separate bank account' to be `withdrawn only by checks signed by at least two of said county officer members of the Board.' Further, the creating act also provided for approval by a majority of the electorate at the next general election to be held in the county as a prerequisite to such act's becoming effective, and I am advised that the electorate did in fact approve the adoption of such act.
The act creating the Board of Juvenile Welfare for Pinellas County has been amended on several occasions since its enactment. The first such amendment was Ch. 25500, 1949, Laws of Florida, which, among other things, provided for a board consisting of seven members to be appointed by the Governor and amended the millage limitation requirements of the original act. This amendment provided for an increase in the millage limitation for the year 1949 and all subsequent years from 1/4 of 1 mill to 1/2 of 1 mill. The 1949 amendatory act also provided that all moneys raised by virtue of this law up to and including the sum of $75,000 `but not monies over that amount' shall be paid by the Pinellas County Tax Collector directly to the juvenile welfare board with the moneys deposited in a separate bank account to be withdrawn only by checks signed by at least two of the said county officer members of the board.
The 1949 Extraordinary Session of the Legislature with the enactment of Ch. 26356, Laws of Florida, amended Ch. 25500 to provide that the board of juvenile welfare shall consist of seven members, four of whom were to be appointed by the Governor and three of whom were to consist of the county superintendent of public instruction, the vice-chairman of the board of county commissioners, and the juvenile judge of said county, and that any moneys collected through the annual 1/2 of 1 mill tax on all taxable property in the county which produced funds in excess of the $75,000 limit which must be paid over to the juvenile welfare board pursuant to Ch. 25500, 1949, Laws of Florida, `shall be placed in the general fund of said county.'
The next amendment to the act creating the Board of Juvenile Welfare for Pinellas County was Ch. 31171, 1955, Laws of Florida, which in pertinent part amended the millage rate to allow for `an additional tax' of 1/3 of 1 mill for the year 1955 and each subsequent year. Pursuant to this amendment the tax collector of Pinellas County was directed to pay `all tax monies collected hereafter under the terms of this section' to the board of juvenile welfare.
The next amendment of import to this matter is embodied in Ch. 61-2675, Laws of Florida, in which the millage limitation was raised to 1/2 of 1 mill of the assessed valuation of all properties in Pinellas County subject to county taxes. Again, the tax collector was directed to pay all tax moneys collected under this act directly to the board of juvenile welfare. The 1961 amendatory act in addition provided, for the first time, the following:
 If in the judgment of the Board of County Commissioners of Pinellas County the Juvenile Welfare Board during the year 1961, or any subsequent year, needs additional funds to further its purposes in its work, then said Board of County Commissioners is hereby authorized to furnish such additional funds to the Juvenile Welfare Board from its contingency or other reserves.
In the next amendment, Ch. 65-2101, Laws of Florida, the 1/2 of 1 mill millage limitation was continued. The amendment provided that the juvenile welfare board on or before July 1 of each year shall prepare and adopt an annual written budget of its expected income and expenditures, including a contingency fund, which written budget shall be certified and delivered to the board of county commissioners, with such certified budget containing an estimate of the millage rate necessary to be applied to raise the funds budgeted for expenditures, `which millage rate shall not exceed a maximum' of 1/2 of 1 mill of assessed valuation of all properties in Pinellas County which are subject to county taxes. The 1965 amendment also provided:
 The Board of County Commissioners shall direct the levy of said additional tax at a millage rate so certified by the Juvenile Welfare Board, up to a maximum of 50 cents for each one thousand dollars of the assessed valuation of property in the county which is subject to county tax.
This 1965 amendment also contained the proviso that if in the judgment of the Board of County Commissioners of Pinellas County the juvenile welfare board needed additional funds to further its purposes and its work, the board of county commissioners was authorized to furnish such additional funds to the juvenile welfare board from its contingency or other reserves.
Additional amendments to the act creating the Board of Juvenile Welfare for Pinellas County were made by Ch. 24826, 1947, Laws of Florida, and Ch. 70-894, Laws of Florida, but such amendments did not directly involve the millage rate limitation, although Ch. 70-894 did change the composition of the board to nine members, four of whom are the county superintendent of public instruction, both judges of the juvenile court, and the vice-chairman of the board of county commissioners of Pinellas County and five of whom are appointed by the Governor.
Resolution of your question requires that due consideration be given to the fact that the original creating act, Ch. 23483, 1945, Laws of Florida, together with each of the above-referenced amendments, was enacted pursuant to the authority of the 1885 State Constitution, while authority to increase the millage from its present 1/2 mill limitation to a 1-mill cap would be governed by the present State Constitution which was adopted in 1968.
Under the 1885 State Constitution, with the exception of county school taxes and county school district taxes (ss. 8 and 10, Art. XII), there was no millage limitation regarding the assessment of county or special district ad valorem taxes. The referendum provision found in the act creating the Pinellas County Board of Juvenile Welfare, s. 4, Ch. 23483, 1945, Laws of Florida, was based on the requirement found in s. 21, Art. III, State Const. 1885, that special or local laws must be passed only upon notice being published in a manner provided by law at least 30 days prior to the introduction into the Legislature of any such bill or, in the alternative, that such a special or local law contain a provision to the effect that the same shall not become operative or effective until ratified or approved at a referendum election to be called and held in the territory affected by such bill.
The present State Constitution, in s. 9(b), Art. VII, provides that, except for taxes levied for the payment of bonds and taxes levied for periods not longer than 2 years when authorized by the vote of the electors, ad valorem taxes shall not be levied in excess of 10 mills for all county purposes, 10 mills for all municipal purposes, 10 mills for all school purposes and `for all other special districts a millage authorized by law approved by a vote of the electors.' Pursuant to s. 2, Art. XII, State Const., all tax millages authorized in counties, municipalities, and special districts on the date the present Constitution became effective are continued until reduced by law. This exception is pegged to the millage authorized on the effective date of the 1968 revised Constitution and does not operate to authorize any increases in such millage rates. Further, s. 15, Art. XII, State Const., provides that ad valorem taxing power vested by law in special districts existing when the present Constitution became effective `shall not be abrogated by Section 9(b) of Article VII' but such powers may be restricted and withdrawn bt law except to the extent necessary to pay outstanding debts.
It is apparent from the provisions of Ch. 23483, 1945, Laws of Florida, and the several amendatory acts that the enabling legislation operates to create a taxing district having boundaries coterminous with those of the county, which is governed by a separate body, independent of the county, although carrying on or dealing with specialized county purposes. In legal effect the board of juvenile welfare is a special taxing district. See s. 1, Ch. 23483, 1945, Laws of Florida; Ch. 61-2675, Laws of Florida; s. 2, Ch. 65-2101, Laws of Florida; s. 200.111, F. S.; Pinellas County v. Mosquito Control District, 194 So.2d 596 (Fla. 1967); Rileigh v. Pinellas County, 200 So.2d 165 (Fla. 1967); see also
AGO 069-71 concluding in part that a board similarly organized and with similar taxing powers was in all functional respects organized as a special district.
Since s. 9(b), Art. VII of the 1968 State Constitution took effect, the millage limitation for the Board of Juvenile Welfare of Pinellas County has been 1/2 of 1 mill, such limitation being set by Ch. 65-2101, Laws of Florida. Pursuant to s. 2, Art. XII, State Const., this authorized tax millage is continued. Further, pursuant to s. 15, Art. XII, State Const., it is expressly provided such taxing power `shall not be abrogated by Section 9(b) of Article VII.'
In the instant matter, the proposed legislation concerning the millage limitation for the Board of Juvenile Welfare of Pinellas County would not reduce the millage nor will the same be restricted or withdrawn by law. Instead, the millage rate is to be increased from its present 1/2 mill to a maximum of 1 mill. Such an increase in millage would thus be governed by s. 9(b), Art. VII, State Const., which limits the millage in a special districts to `a millage authorized by law approved by a vote of the electors.'
A similar situation was presented to this office in AGO 075-160. In such opinion, the Northwest Lake County Hospital District was authorized by Ch. 65-1785, Laws of Florida, a special act approved by a voter referendum in the area affected, to request the board of county commissioners to levy ad valorem taxes within the district at a rate `not to exceed 1/2 mill.' Thereafter in 1969, the Legislature enacted Ch. 69-1202, Laws of Florida, which increased the millage limitation for the Northwest Lake County Hospital District to a rate `not to exceed 1 mill.' The opinion notes that it did not appear that either Ch. 69-1202, Laws of Florida, or the provision regarding the authorization of the 1-mill limitation had been submitted to the electors within the district for their approval or rejection. Given the fact that the legislative authorization to increase the millage limitation to 1 mill was enacted subsequent to the ratification of the 1968 State Constitution, and in particular s. 9(b), Art. VII, it was the express opinion of this office that:
 The 1/2 mill cap set by s. 2, Ch. 65-1785, supra, has been approved by a vote of the electors within the district; however, since the 1-mill cap set by s. 14, ch. 69-1202, supra, has not been so approved, it is my opinion that Art. VII, s. 9(b), State Const., prohibits the levy by the Northwest Lake County Hospital District of ad valorem taxes at a rate exceeding 1/2 mill until such time as the authorization of s. 14, Ch. 69-1202 or the authorization for a higher millage levy contained in subsequently enacted law is approved by a vote of the electors of the district. See
AGO's 071-310, 075-24, and 075-32. (Emphasis supplied.)
Accordingly, your question is answered in accordance with the requirement of s. 9(b), Art. VII, State Const., that any increase in the maximum millage allowed by law to be levied in order to provide operating funds for the Board of Juvenile Welfare of Pinellas County must be approved by a vote of the electors.
Prepared by:
Harold F. X. Purnell Assistant Attorney General