367 So.2d 1114 (1979)
Oliver LOWE et al., Appellants,
v.
LEE COUNTY ELECTRIC COOPERATIVE, INC., Appellee.
No. 78-1009.
District Court of Appeal of Florida, Second District.
February 28, 1979.
*1115 John M. Hathaway, of Hathaway & Polk, Punta Gorda, for appellants.
J. Tom Smoot, Jr., of Smoot & Whigham, Fort Myers, for appellee.
GRIMES, Chief Judge.
This is an appeal from a judgment setting aside certain Charlotte County tax assessments upon the tangible personal property of appellee Lee County Electric Cooperative, Inc.
Appellee (cooperative) is a memberowned electric utility doing business in four contiguous southwest Florida counties, including Charlotte County. The property appraiser assessed the cooperative's tangible personal property within Charlotte County for 1975 at $367,030. The cooperative brought suit challenging this assessment but suffered a directed verdict at the conclusion of its case. On appeal, this court held that the cooperative had carried its burden of establishing the prima facie invalidity of the assessment and remanded for further proceedings. Lee County Electric Cooperative, Inc. v. Lowe, 344 So.2d 308 (Fla. 2d DCA 1977). In the meantime, the property appraiser assessed the cooperative's property in 1976 at $302,980 and in 1977 at $312,000. The cooperative's suits attacking both of these assessments were consolidated with the remanded proceeding involving the 1975 assessment, and the cases were tried together.
In the final judgment, the court made the following findings:
1. The opinion and mandate of the Second District Court of Appeals held that the Plaintiff presented a prima facie case at the first trial for the invalidity of the 1975 assessment and the Defendant Property Appraiser has failed to show that the assessment was a valid assessment. The application ex post facto of the unit method following the initial and invalid assessment for the tax year 1975 fails to overcome the presumption of invalidity.
2. As for the years 1976 and 1977, this Court finds the application of the unit approach to value, though valid in a proper *1116 case, was improperly applied to the cases before this Court for two reasons, viz. (a) that six different factors were used in assessing the tangible personal property of the Florida Power & Light Company in Charlotte County while only two were used for the assessment of the same property of Plaintiff, and (b) for the further reason that there was no assurance that property appraisers in other counties in which the Plaintiff operated might not weight factors differently or apply different factors which could result in an assessment of more than 100% value in all of such counties.
3. This Court finds that the Plaintiff has produced expert testimony showing the just value of its tangible personal property in Charlotte County for the tax year 1975 as $45,000.00; for the tax year 1976 as $67,000.00; and for the tax year 1977 as $62,000.00.
The assessments of the cooperative's tangible personal property in excess of the figures recited in paragraph 3 were ordered stricken.
We affirm the final judgment insofar as it pertains to the 1975 assessment, but we reverse that portion holding the 1976 and 1977 assessments invalid.
The contentions with respect to the 1975 assessment can be disposed of quickly. The reason this court reversed the directed verdict in the original 1975 suit and held that the cooperative had made a prima facie showing of invalidity was because the property appraiser, rather than making an appraisal of his own, had simply established the assessment by reference to some information supplied to him by the Department of Revenue. When the case was retried, the property appraiser submitted the testimony of an expert whose valuation of the cooperative's property for 1975 approximated the 1975 assessment. There is, however, no substantial contention that the 1975 assessment was determined on any basis other than that outlined in our original opinion. Thus, we believe the court could properly conclude that the new appraisal could not retroactively breathe life into an originally defective assessment.
Before considering the 1976 and 1977 assessments, we think it advisable to review the legal principles applicable to the contest of a tax assessment. In Powell v. Kelly, 223 So.2d 305, 307-08 (Fla. 1969), our supreme court said:
The fixing of a valuation on property by a tax assessor for the purpose of taxation is an administrative act involving the exercise of administrative discretion, and the Court will not in general control that discretion unless it is illegally or fraudulently exercised or exerted in such manner or under such circumstances as will amount in law to a fraud. A situation might be presented for judicial interference where specific assessment is so obviously and flagrantly excessive as to impute clearly to the assessor an intention to discriminate arbitrarily against the taxpayer; or where there appears prejudicial or material error in matter of law, independent of the exercise of a discretion as to value. But mere excessive valuation, resulting solely from inadvertence or mistaken judgment, and unaffected by any element of illegality in matter of law, or intentional or other abuse of authority, or fraud, express or implied, will not suffice as a ground of equitable jurisdiction. City of Tampa v. Palmer, 89 Fla. 514, 105 So. 115.
While the assessor is accorded a range of discretion in determining valuations for the purpose of taxation when the officer proceeds in accordance with and substantially complies with the requirement of law designated to ascertain such values, yet, if the steps required to be taken in making valuations are not in fact and in good faith actually taken, and the valuations are shown to be essentially unjust or unequal abstractly or relatively, the assessment is invalid. Graham v. City of West Tampa, 71 Fla. 605, 71 So. 926 (1916); Coombes v. City of Coral Gables, 124 Fla. 374, 168 So. 524 (1936). See 23 F.L.P., Taxation, § 238. The prima facie correctness of the assessments, to be overcome, must be affirmatively assailed *1117 by appropriate and sufficient allegations and proofs, to the exclusion of every reasonable hypothesis of legal assessment.
The issue with respect to the 1976 and 1977 assessments is whether the "unit" method of appraisal used by the property appraiser was a proper method of appraising the cooperative's property. If it was, then the assessments must stand even if the trial judge or this court thinks some other method would have been better. On the other hand, if the unit method was not an acceptable method for assessing the cooperative's property, then the assessments must fall, because whatever discretion the property appraiser exercised was employed on the wrong premise.
In essence, the unit method of appraisal consisted of first determining the value of all of the cooperative's tangible personal property through the use of the well-recognized appraising concepts of (1) cost less depreciation, (2) capitalization of income, and (3) market value (though all concerned agreed that market value was irrelevant because there was no ready market for the cooperative's property). Then, the property appraiser allocated a portion of the resulting figure to Charlotte County by a formula which took into consideration the proportionate mileage of line and the number of customers within the county as compared to the entire system. The property appraiser maintained that the unit method of assessing the value of a utility company's tangible personal property was the fairest method because most of the property comprising a utility system has no value other than as part of a whole system.
The unit method of valuation is not new; it was approved by the United States Supreme Court with respect to the valuation of railroads in 1875. State Railroad Tax Cases, 92 U.S. 575, 23 L.Ed. 663 (1875). The contention that a tax assessor cannot use property values outside of his jurisdiction as the basis to obtain the value of property within his jurisdiction was rejected in Cleveland, C.C. & St. L.R. Co. v. Backus, 154 U.S. 439, 444, 14 S.Ct. 1122, 1123, 38 L.Ed. 1041, 1045 (1893), where the court said:
This is no denial of the mathematical proposition that the whole is equal to the sum of all its parts, because there is a value created by and resulting from the combined operation of all its parts as one continuous line. This is something which does not exist, and cannot exist, until the combination is formed.
The unit method has also received court sanction as an appropriate way to assess the value of telephone company property. Southern California Telephone Co. v. County of Los Angeles, 45 Cal. App.2d 111, 113 P.2d 773 (3d Dist. 1941). The court below did not reject the unit method of appraisal, as such, but only held that it was inappropriate to the facts at hand. We must, therefore, analyze the reasons for the court's conclusion.
First, the court said that the property appraiser used six different factors in assessing the tangible personal property of Florida Power & Light Company (FP&L) but only two in assessing the tangible personal property of the cooperative. On its face, this appears to fall short of the showing required to obtain tax relief upon the contention that other property is obtaining preferred tax treatment. See Deltona Corporation v. Bailey, 336 So.2d 1163 (Fla. 1976). But in any event, the fallacy in the court's reasoning lies in the assumption that because both companies deal in electricity they have the same kind of operation. As a matter of fact, the two companies differ substantially. FP&L manufactures and sells electricity, whereas the cooperative simply purchases electricity and distributes it to its customers. One of the factors used to assess the FP&L system, for example, was power plant output. Any valuation of the FP&L system would necessarily include an appraisal of its power plants, but, because none of the FP&L plants were located in Charlotte County, the use of the power plant factor in the assessment equation effectively reduced the allocation of value to Charlotte County. Using the same factor to assess the cooperative would have been senseless because, even though the *1118 cooperative, like FP&L, has no power plant in Charlotte County, the cooperative has no power plants at all. Therefore, the added value of a power plant never went into the valuation of the cooperative's entire system. The fact that the property appraiser employed some additional criteria in assessing FP&L's property did not warrant setting aside the cooperative's tax assessment.
The trial court's second reason for rejecting the unit method was the lack of assurance that property appraisers in the other counties where the cooperative operated might not also use the unit method and adopt different factors in their allocations, making the sum of all assessments in the several counties greater than 100% of the property's value. Admittedly, in many situations where the unit method of appraisal is used there is some type of state equalization board which is in a position to make certain that the court's fear does not materialize. E.g., Lee v. Atlantic Coast Line R. Co., 145 Fla. 618, 200 So. 71 (1941). In the enactment of Section 193.052(6), Florida Statutes (1977), the legislature may have contemplated that the Department of Revenue would perform this function. Yet, the failure of the Department of Revenue to promulgate regulations cannot obviate the tax appraiser's duty to establish the just value of all property within his county. The evidence reflects that as a practical matter the unit method was the most feasible means to arrive at just value. One of the experts testified that the unit method was generally accepted in most jurisdictions throughout the country as the best way to assess public utilities. Even the cooperative's expert witness used the unit method to determine value under the cost less depreciation approach because the cooperative did not maintain cost records applicable only to Charlotte County properties. Under the circumstances, we believe that the assessment should not have been invalidated upon the speculative possibility that the cooperative's entire system might be valued at more than 100%. Certainly there was no evidence that this had occurred or that it was likely to occur.
We hold that the unit method of valuation employed by the property appraiser was a valid method with which to assess the cooperative's tangible personal property. The fact that there may have been other methods, and that the trial court may have favored the method used by the cooperative's expert, is irrelevant. This is not a case where the finder of fact is at liberty to accept the opinion of one expert over another. Here, the assessment must stand if it was arrived at through substantial compliance with the requirements of law for ascertaining just value.
The judgment is affirmed with respect to the 1975 assessment. The judgment is reversed to the extent that the tax assessor's 1976 and 1977 assessments are reinstated.
SCHEB and RYDER, JJ., concur.