GRIMES, Chief Justice.
Pursuant to article IV, section 10 of the Florida Constitution, and section 16.061, Florida Statutes (1993), the Attorney General has petitioned this Court for an advisory opinion regarding the validity of an initiative petition. In response, we issued an order permitting interested parties to file briefs, and we heard oral arguments on the validity of the proposed amendment. We have jurisdiction under article V, section 3(b)(10) of the Florida Constitution.
The initiative petition was circulated by a group known as Citizens for a Safe Florida. The full text of the petition reads as follows:
BALLOT TITLE: Funding for Criminal Justice
SUMMARY: Creates the Criminal Justice Trust Fund dedicated to. criminal justice purposes and funded by up to one percent tax on the sale of goods and/or services provided no trust funds are used to replace funding at a level less than that allocated to criminal justice in the 1993-1994 budget. FULL TEXT OF THE PROPOSED AMENDMENT: The initiative petition would create section 20 of article III of the Florida Constitution to provide as follows: Section 20. Criminal Justice Trust Fund. — There is hereby created the Criminal Justice Trust Fund which shall be funded by a tax of up to one percent on the sale of goods and/or services as provided by law. The Criminal Justice Trust Fund shall be subject to appropriation by the Legislature to fund prisons, juvenile detention facilities, and Florida’s other criminal justice purposes; provided, however, that no such funds shall be used to replace or substitute funding at a level less than that allocated to the criminal justice system in the budget for the 1993-1994 fiscal year.
Our review is limited to determining whether the proposed amendment “complies with the technical legal requirements concerning the single-subject rule and the clarity of the ballot title and summary.” In re Advisory Opinion to the Attorney General—Restricts Laws Related to Discrimination, 632 So.2d 1018, 1019 n. 1 (Fla.1994).

SINGLE-SUBJECT REQUIREMENT

Florida’s single-subject rule is set forth in article XI, section 3 of the of the Florida Constitution, and provides that any revision or amendment to the constitution by initiative “shall embrace but one subject and matter directly connected therewith.” The single-subject requirement is a rule of restraint. It is “designed to insulate Florida’s organic law from precipitous and cataclysmic change.” In re Advisory Opinion to the Attorney General—Save Our Everglades Trust Fund, 636 So.2d 1336, 1339 (Fla.1994). The single-subject provision also protects against logrolling, “a practice wherein several separate issues are rolled into a single initiative in order to aggregate votes or secure approval of an otherwise unpopular issue.” Id. A proposed amendment meets the single-subject requirement if it has “a logical and natural oneness of purpose.” Fine v. Firestone, 448 So.2d 984, 990 (Fla.1984). “To ascertain whether the necessary ‘oneness of purpose’ exists, we must consider whether the proposal affects separate functions of government and how the proposal affects other provisions of the constitution.” In re Advisory Opinion to the Attorney General— Restricts Laivs Related to Discrimination, 632 So.2d at 1020 (citing Fine, 448 So.2d at 990).
We find that the Criminal Justice Trust Fund amendment meets the single-subject requirement. The amendment affects only the legislative branch of Florida’s government. While the initiative creates a trust fund, the funding of the trust and allocation of monies therein remains with the legislature. The legislature’s discretion in allocating the funds is limited only by the provision that the funds must be used for criminal justice purposes and may not replace or sub *974 stitute for funding at a level less than that allocated to the criminal justice system in the 1993-1994 fiscal year. Further, the amendment does not augment or detract from any of the legislative powers enumerated in the constitution.

BALLOT TITLE AND SUMMARY REQUIREMENTS

Section 101.161, Florida Statutes (1993), sets forth the requirements for ballot titles and summaries of proposed constitutional amendments. Examining the validity of a ballot title and summary for another recent initiative petition, this Court stated:
“[Sjection 101.161 requires that the ballot title and summary for a proposed constitutional amendment state in clear and unambiguous language the chief purpose of the measure.” This is so that the voter will have notice of the issue contained in the amendment, will not be misled as to its purpose, and can cast an intelligent and informed ballot.
In re Advisory Opinion to the Attorney General — Save Our Everglades Trust Fund, 636 So.2d at 1341 (citations omitted) (quoting Askew v. Firestone, 421 So.2d 151, 154-55 (Fla.1982)).
In the instant case, the ballot title, “Funding for Criminal Justice,” substantively advises the voter as to the text of the amendment and the chief purpose of the measure. Unlike the Save Our Everglades case, the title does not incorporate any misleading or emotional language which could present the amendment “under false colors.” Id.
This Court has pointed out that a ballot summary is not required to explain every detail or ramification of the proposed amendment. In re Advisory Opinion to the Attorney General — Limited Political Terms in Certain Elective Offices, 592 So.2d 225, 228 (Fla.1991) (citations omitted). Here, the ballot summary fairly and accurately describes the trust, its purpose, and the method by which it will be funded.
Notwithstanding, there is one aspect of the ballot summary which should be discussed. The summary clearly indicates that the trust fund will be funded in some amount up to one percent. On the other hand, at oral argument, counsel for Citizens for a Safe Florida stated that the funding of the trust was entirely discretionary with the legislature. However, the text of the amendment says that the trust fund “shall be funded by a tax of up to one percent.” We read this language as a mandatory requirement for some funding up to one percent, although the legislature retains the discretion of determining how much. When the amendment is interpreted in this manner, the summary accurately describes its contents.
Therefore, we conclude that the title, summary, and text of the proposed amendment comport with the legal requirements of article XI, section 3 of the Florida Constitution and section 101.161, Florida Statutes (1993). This opinion should not be construed as favoring or opposing the passage of this proposed amendment.
It is so ordered.
OVERTON, SHAW, KOGAN, HARDING and WELLS, JJ., and McDONALD, Senior Justice, concur.