OVERTON, Justice.
The Attorney General has requested this Court to review a proposed amendment to the Florida Constitution. We have jurisdiction. Art. IV, § 10; art. V, § 3(b)(10), Fla. Const. We find that the proposed ballot title and summary are misleading and, consequently, direct that the proposed amendment not be placed on the ballot.
I. FACTS
On July 25, 1994, the Attorney General of Florida petitioned this Court for an advisory opinion concerning the validity of an initiative petition circulated by a group known as Proposition for County Choice Gaming, Inc. The proposed amendment was scheduled to appear on the 1994 general election ballot. Thereafter, it became apparent that Proposition for County Choice Gaming, Inc., could not provide a sufficient number of verified signatures to meet the constitutional requirements [1] in time for the 1994 election. However, enough signatures were collected to entitle Proposition for County Choice Gaming, Inc., to an advisory opinion from this Court under the authority of sections 15.21 and 16.061, Florida Statutes (1993).
The ballot title and summary read as follows:
TITLE: CASINO AUTHORIZATION, TAXATION AND REGULATION SUMMARY: This amendment prohibits casinos unless approved by the voters of any county or Tourist Development Council district who may authorize casinos on riverboats, commercial vessels, within existing pari-mutuel facilities and at hotels. It mandates legislative implementation and requires net license and tax proceeds to be appropriated for crime prevention and correctional facility construction, education, senior citizens’ services and state tourism promotion. The amendment becomes effective upon adoption, but prohibits casino gaming before July 1, 1995.
The full text of the proposed amendment reads as follows:

Section 1.

Section 16 of Article X is created to read: SECTION 16. CASINO AUTHORIZATION, TAXATION AND REGULATION.—
a.) Casino gaming is prohibited in this state except in those counties or established local option Tourist Development Council Districts of the counties where the electors have authorized the conduct and operation of casino gaming pursuant to an initiative referendum to the extent authorized and then only in state regulated and taxed, privately owned gaming facilities:
(1.) within pari-mutuel facilities authorized by law as of the effective date of this amendment, which have conducted live pari-mutuel wagering events in each of the two immediately preceding twelve month periods, for so long as the facilities continue to operate live pari-mutuel wagering events as authorized by the legislature; and
(2.) on board stationary and non-stationary riverboats and U.S. registered commercial vessels; and
(3.) at transient lodging establishments licensed by the state.
b) The types of gaming permitted in a casino shall be baccarat, blackjack or twenty-one, craps, keno, poker, roulette, slot *468 machines and electronic gaming machines. Other types of gaming may be authorized by general law.
c) By general law, the legislature shall implement this section, including legislation to license casinos, tax casinos and regulate casinos.
d) Net proceeds derived from the license fees and taxation of casino gaming shall be appropriated to a state trust fund designated the State Crime Prevention, Education, Senior Citizens’ and State Tourism Trust Fund to be appropriated by the legislature for crime prevention and correctional facility construction, education, senior citizens’ services and state tourism promotion. Such appropriation shall increase and not reduce current funding appropriated to the aforementioned.

Section 2.

If any subsections of this amendment to the Florida Constitution are held unconstitutional for containing more than one subject, this amendment shall be limited to SECTION 16, subsections (a.), (b.) and (c.).

Section 3.

This amendment shall take effect on the date approved by the electorate; provided however, that no casino gaming shall be authorized to operate in the state until July 1, 1995.
The petition seeks to amend the state constitution to permit the voters of individual counties and local option Tourist Development Council Districts to authorize casino gaming within their respective jurisdictions. Notably, the proposed amendment restricts the type of gaming facility where casino gaming may be conducted.
Our analysis of the proposed amendment is limited to two legal issues: (1) whether the proposed amendment’s title and summary are “printed in clear and unambiguous language,” section 101.161(1), Florida Statutes (1993); and (2) whether the proposed amendment addresses a single subject, article XI, section 3, Florida Constitution. As we have expressed previously, we have no authority to consider or rule on the merits of a proposed amendment. Advisory Op. to the Att’y Gen. re Tax Limitation, 644 So.2d 486, 489 (Fla.1994).
II. BALLOT TITLE AND SUMMARY
Section 101.161(1), Florida Statutes (1993), states, in relevant part:
Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment ... shall be printed in clear and unambiguous language on the ballot.... The substance of the amendment ... shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure. The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.
(Emphasis added.) We have explained that this statute requires a title and summary that are “accurate and informative,” and that “[t]he summary must give voters sufficient notice of what they are asked to decide to enable them to intelligently cast their ballots.” Smith v. American Airlines, Inc., 606 So.2d 618, 620-21 (Fla.1992). Our responsibility is to determine whether the language as written misleads the public.
We find that the summary of the Casino Authorization, Taxation and Regulation proposed amendment is misleading for three reasons. First, the summary states that the voters may authorize casinos “on riverboats, commercial vessels, within existing pari-mu-tuel facilities and at hotels,” while the text of the amendment allows casinos in “transient lodging establishments.” (Emphasis added.) The definition of “hotel” is substantially different from the definition of “transient lodging establishment.” The Florida Statutes provide definitions for both terms. A “hotel” is defined as “any public lodging establishment containing sleeping accommodations for 25 or more guests and providing the services generally provided by a hotel and recognized as a hotel in the community in which it is situated or by the industry.” § 509.242(l)(a), Fla.Stat. (1993). The definition of a “transient lodging establishment,” on the other hand, is much broader and includes some hotels and many types of motels, resort condominiums, transient apartments, rooming- *469 houses, and resort dwellings. § 509.242(1), Fla.Stat. (1993).[2] The statutes do not require a minimum number of rooms for a “motel.” A “roominghouse” is defined as including, “but not limited to, a boardinghouse, hostel, and bed and breakfast inn.” Thus, while the summary leads the voters to believe that casinos will be operated only in “hotels,” the proposed amendment actually permits voters to authorize casinos in any number of facilities, including a bed and breakfast inn. We believe that the public perceives the term “hotel” to have a much narrower meaning than the term “transient lodging establishment.”
Second, the summary states that casinos may be authorized “on riverboats [and] commercial vessels.” This statement may lead a voter to believe that only operational, floating vessels may be used to house casinos. The text of the proposed amendment presents a significantly different picture. The amendment would permit the voters to authorize casinos “on board stationary and non-star tionary riverboats and U.S. registered commercial vessels.” (Emphasis added.)
There is nothing in the text of the amendment that requires a riverboat to be a floating vessel. It is conceivable that the amendment could authorize a casino in a building constructed to look like a riverboat even though the structure is completely landlocked. Again, we emphasize that we are not concerned with the merits of the proposed amendment or whether a stationary riverboat casino is a good idea. We find that the summary of the proposed amendment does not accurately describe the scope of the text.
Finally, we find that the first line of the summary is misleading in that it suggests that the amendment is necessary to prohibit casinos in this state. The summary uses the following language: “This amendment prohibits casinos unless approved by the voters .... ” This language is misleading not because of what it says, but what it fails to say. In Askew v. Firestone, 421 So.2d 151 (Fla.1982), the legislature attempted to initiate a constitutional amendment that would remove the constitution’s absolute ban on lobbying by a former government officeholder. The proposed amendment would prohibit lobbying unless the affected person met certain financial disclosure requirements. We found that the ballot summary was defective because it failed to inform the voter that the existing constitution already banned lobbying. We concluded that the problem with the summary “lies not with what the summary says, but, rather, with what it does not say.” Id. at 156. Turning to the instant case, the summary creates the false impression that casinos are now allowed in Florida. It fails to inform the voter that most types of casino gaming are currently prohibited by statute. See generally ch. 849, Fla.Stat. (1993). Without this admission, the summary suffers from the same defect as did the summary in Askew.[3] We also find that this language is the type of “political rhetoric” that was denounced by this Court in In Re Advisory Opinion to the Attorney General— Save Our Everglades, 636 So.2d 1336, 1342 (Fla.1994).
We distinguish this case from Advisory Opinion to the Attorney General re Limited Casinos, 644 So.2d 71 (Fla.1994), and we find that the ballot title and summary do not clearly and unambiguously inform the voters of the purpose and substance of the amendment. We conclude that, collectively, the three defects described above combine to produce a summary that is fatal to the proposed amendment. Consequently, the proposed amendment entitled “Casino Authorization, Taxation and Regulation” is not authorized to be on the ballot. Because we have found that the ballot title and summary are defective, we need not discuss whether the proposed amendment satisfies the constitutional single-subject requirement.
As has been previously noted, the process of amending the constitution through the ini *470 tiative process would benefit if an objective entity, such as the Secretary of State or Attorney General, were authorized by the Legislature to prepare an objective ballot title and summary for all initiative petitions, and if this Court were given the authority to modify the language to eliminate any such defects. See, e.g., Advisory Op. to the Att’y Gen. re Tax Limitation, 644 So.2d 486, 497 (Fla.1994) (Overton, J., concurring specially); cf. ch. 250, Or.Rev.Stat. (1993). This process would eliminate our having to remove proposals such as this from the ballot because the title and summary are misleading.
For the reasons expressed, we direct that this proposed amendment not be placed on the ballot.
It is so ordered.
GRIMES, C.J., and SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ„ concur.

. Article XI, section 3, of the Florida Constitution provides that the power to propose an amendment or revision to the state constitution can only be invoked when the proponent has filed with the Secretary of State a petition "signed by a number of electors in each of one half of the congressional districts of the state, and of the state as a whole, equal to eight percent of the votes cast in each of such districts respectively and in the state as a whole in the last preceding election in which presidential electors were chosen.”

. This statute provides a definition for "public lodging establishments.” (Emphasis added.) A "public lodging establishment” that provides temporary occupancy is a “transient establishment.” § 509.013(10), Fla.Stat. (1993).

. We note that the title of the proposed amendment states that the amendment will “authorize” casino gambling. It would have been a simple matter to include the word "authorize” in the text in lieu of the word "prohibits.”