WELLS, Justice.
 The Attorney General of Florida has requested this Court to review a proposed amendment to the Florida Constitution, as it is his duty to do. Art. IV, § 10, Fla. Const. § 16.061, Fla.Stat. (1993). In response, we issued an order permitting interested parties to file briefs,[1] and we heard oral arguments on the validity of the proposed amendment. We have original and exclusive jurisdiction. Art V, § 3(b)(10), Fla. Const.
The initiative petition seeks to amend article IV, section 8 of the Florida Constitution. The ballot title and summary read as follows:
TITLE: STOP TURNING OUT PRISONERS: LIMIT EARLY RELEASE.
SUMMARY: A state constitutional amendment which, except for pardon or clemency, requires that state prisoners sentenced to a term of years shall serve at least eighty-five percent of their terms of imprisonment. Parole, conditional release, or any mechanism of sentence reduction may reduce the term of years sentence by no more than fifteen percent. State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency.
The full text of the amendment provides:
All state prisoners lawfully sentenced to a term of years shall serve at least eighty-five percent of their term of imprisonment, unless granted pardon or clemency. Parole, conditional release, or any mechanism of sentence reduction may reduce the term of years sentence by no more than fifteen percent. State prisoners sentenced to life imprisonment shall be incarcerated for the rest of their natural lives, unless granted pardon or clemency.
*1206 In our advisory opinion we are limited to determining only two legal issues: (1) whether the proposed amendment addresses a single subject as required by article XI, section 3 of the Florida Constitution; and (2) whether the proposed amendment meets the ballot title and summary requirements of section 101.161, Florida Statutes (1993). Advisory Opinion to the Attorney General re Casino Authorization, Taxation and Regulation, 656 So.2d 466, 468 (Fla.1995); Stop Early Release I, 642 So.2d at 725; Advisory Opinion to the Attorney General re Funding For Criminal Justice, 639 So.2d 972, 973 (Fla. 1994).[2] In Stop Early Release I, where we reviewed the current proposed amendment’s predecessor, we did not expressly address the single-subject rule because we found our review of the ballot summary dispositive. We distinguish this case from Stop Early Release I and review the initiative petition with respect to both requirements.
Article XI, section 3 of the Florida Constitution provides that any constitutional amendment or revision by initiative “shall embrace but one subject and matter directly connected therewith.” To comply with this provision the proposed amendment must manifest “a logical and natural oneness of purpose.” Fine v. Firestone, 448 So.2d 984, 990 (Fla.1984). We find that the proposed amendment meets this criterion, as it deals with the sole subject of limiting sentencing reduction methods. The final provision pertaining to life sentences merely provides detail as to how the proposed amendment will be implemented in cases where life sentences are imposed. Furthermore, this provision responds to our concern that the prior amendment did not address how to calculate eighty-five percent of a life sentence. See Stop Early Release I, 642 So.2d at 726.
The proposed amendment must also comply with the requirements of section 101.161. We have interpreted that provision to mean that “the ballot title and summary ... must state in clear and unambiguous language the chief purpose of the measure.” In re Advisory Opinion to the Attorney General — Save Our Everglades, 636 So.2d 1336, 1341 (Fla.1994) (quoting Askew v. Firestone, 421 So.2d 151,154-55 (Fla.1982)). This is so the voter will have fair notice of the content of the proposed amendment, will not be misled as to its purpose, and can cast an intelligent and informed ballot. Save Our Everglades, 636 So.2d at 1341. Here we find that the ballot title and summary clearly and unambiguously describe to the voter the purpose and substance of the amendment. Moreover, each of the concerns we raised in reviewing the prior proposed amendment has been addressed. The title and summary in their present form inform voters that except in cases of pardon or clemency, mechanisms of sentence reduction will be limited to fifteen percent of the sentence and that life sentences will be fully served. Thus, the title and summary no longer indicate that the proposed amendment will guarantee against the early release of state prisoners in all cases. Additionally, the summary now exemplifies that parole and conditional release will be impacted by the proposed amendment.
We therefore hold that the title, summary, and text of the proposed amendment meet the requirements of article XI, section 3 of the Florida Constitution and section 101.161. This opinion should not be construed as favoring or opposing the passage of the proposed amendment.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.

. Only two interested parties filed briefs. The Stop Early Release Committee (STOP), which drafted the proposed amendment, filed a brief in support of the amendment. STOP also supported a prior initiative petition to stop the early release of prisoners which this Court addressed in Advisory Opinion to the Attorney General re Stop Early Release of Prisoners, 642 So.2d 724 (Fla. 1994) (Stop Early Release I). A second interested party filed a brief requesting only that the Court address whether sections 16.061 and 101.161, Florida Statutes (1993), violate the Florida Constitution by imposing additional qualifications on self-executing provisions of organic law defining a valid initiative petition. No briefs were filed in opposition to the proposed amendment.

. We do not address the interested party's claim that sections 16.061 and 101.161 are unconstitutional because we have original jurisdiction only to determine whether the proposed amendment complies with the single-subject rule and the ballot title and summary requirements. Cf Advisory Opinion to the Attorney General — Restricts Laws Related to Discrimination, 632 So.2d 1018, 1019 n. 1 (Fla.1994) (declining to address constitutional challenges to proposed amendment because of Court’s limited jurisdiction in case filed pursuant to section 16.061); Advisory Opinion to the Attorney General — Limited Political Terms in Certain Elective Offices, 592 So.2d 225, 227 (Fla. 1991) (same).