799 So.2d 298 (2001)
Richard DAVIS, Bay County Property Appraiser, Appellant,
v.
GULF POWER CORPORATION, a Maine Corporation, Appellee.
No. 1D00-4815.
District Court of Appeal of Florida, First District.
October 4, 2001.
Rehearing Denied November 13, 2001.
*299 Larry E. Levy, The Levy Law Firm, Tallahassee, for Appellant.
David E. Hightower and Gary B. Leuchtman, Beggs & Lane, Pensacola; Benjamin Redding, Barron, Redding, Hughes, Fite, Basset, Fensom & Sanborn, P.A., Panama City, for Appellee.
POLSTON, J.
Appellee Gulf Power Corporation ("Gulf Power") was granted an economic development ad valorem tax exemption for its proposed plant expansion in Bay County. The exemption was granted through an ordinance adopted by the Bay County Board of County Commissioners (the "Board") pursuant to section 196.1995, Florida Statutes (1999). Appellant Richard Davis, the Bay County Property Appraiser ("Appraiser"), objects to the exemption on the basis that electricity is not tangible personal property within the meaning of the statute.[1] Although using different reasoning, we agree with the trial court that electricity is tangible personal property. Accordingly, we affirm.
To qualify for an economic development ad valorem tax exemption, section 196.1995(8)(d) requires proof to the satisfaction of the Board that the applicant is "a new business or an expansion of an existing business, as defined in s. 196.012(15) or (16)." Gulf Power intends to expand its existing business.
Section 196.012(16)(a)1 defines "Expansion of an existing business":
A business establishing 10 or more jobs to employ 10 or more full-time employees in this state, which manufactures, processes, compounds, fabricates, or produces for sale items of tangible personal property at a fixed location and which comprises an industrial or manufacturing plant; (Emphasis added)
Because the definition of an expanding business involves the manufacture or production for sale of tangible personal property, it is necessary to determine whether electricity is deemed tangible personal property for purposes of the statute.
Section 192.001, Florida Statues (1999), provides definitions that "shall apply in the imposition of ad valorem taxes." Because the issue in this case is whether an ad valorem tax exemption is applicable, and there are no statutory provisions to the contrary or more specific, the definition of tangible personal property in section *300 192.001(11)(d) is applicable. Section 192.001(11)(d) states:
"Tangible personal property" means all goods, chattels, and other articles of value (but does not include the vehicular items enumerated in s. 1(b), Art. VII of the State Constitution and elsewhere defined) capable of manual possession and whose chief value is intrinsic to the article itself.... Inventory and household goods are expressly excluded from this definition.
Electricity has the characteristics of tangible personal property described within section 192.001(11)(d).[2]See e.g., Curry v. Alabama Power Co., 243 Ala. 53, 8 So.2d 521 (1942)(describing the physical characteristics of electricity and concluding that Alabama Power Company's generation of electricity is the manufacture of tangible personal property); Texas Eastern Transmission Corporation v. Benson, 480 S.W.2d 905, 908 (Tenn.1972)(electricity has the physical characteristics of tangible personal property); Tucson Electric Power Co. v. Arizona Department of Revenue, 170 Ariz. 145, 822 P.2d 498, 502 (Ct.App.1991)(electricity is tangible personal property).
Gulf Power contends, and the trial court ruled:
The definition of "tangible personal property" in section 192.001(11)(d), Florida Statutes (1999), cannot apply to the use of that term in section 196.012(16)(a)(1), because the latter statute refers to tangible personal property produced for sale, i.e., inventory, and the former statute explicitly excludes items of inventory from its definition of tangible personal property.
We do not agree with this interpretation of the law. An item that is tangible personal property manufactured for sale is inventory if it has not yet been sold. If the item has been sold, then it is no longer inventory although it is tangible personal property.[3] Therefore, for purposes of the economic development ad valorem tax exemption statute, the item, electricity in this case, is not excluded from the definition of tangible personal property within section 192.001(11)(d) because of the inventory exclusion.
Gulf Power is manufacturing electricity for sale to customers. Although some of the electricity may or may not be inventory[4], there is no dispute that electricity will be sold to customers. The electricity sold to customers (not being held for sale) is tangible personal property that is not inventory.
Finally, the Appraiser's claim that the economic development ad valorem tax exemption is not applicable because Gulf Power's plant for generating electricity is not an industrial or manufacturing plant is not supported by the facts or law. See e.g., Lowe v. Lee County Electric Cooperative, Inc., 367 So.2d 1114, 1117 (Fla. 2d DCA 1979)(noting that Florida Power & Light Company "manufactures" and sells electricity as contrasted to a cooperative that purchased and sold electricity); City of Ames v. Iowa State Tax Commission, 246 Iowa 1016, 71 N.W.2d 15, 22 *301 (1955)(generating electricity is manufacturing).
Accordingly, we hold that for purposes of section 196.1995, Florida Statutes (1999), and section 196.012(16) referenced therein, electricity is tangible personal property and the generation of electricity in Gulf Power's plant is a manufacturing process in a manufacturing plant.
AFFIRMED.
WEBSTER and BROWNING, JJ., concur.
NOTES
[1] The Appraiser also asserts that (i) the complaint has not alleged or raised a justiciable controversy so that the court does not have jurisdiction, and (ii) the complaint should be dismissed for failure to join the Board as an indispensable party. We reject these contentions. Gulf Power has stated a claim for declaratory relief. See section 86.051, Fla. Stat. (1999)("[a]ny declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened"). The Board, although a proper party, is not indispensable. See N & C Properties v. Vanguard Bank and Trust Co., 519 So.2d 1048, 1052 (Fla. 1st DCA 1988)(a proper party has an interest in the subject matter but the party's absence will not prevent a judgment determining substantial issues between the parties).
[2] The parties agree that there are no disputed issues of fact in the record and this case should be decided as a matter of law.
[3] For example, a shovel has the characteristics of tangible personal property. If it is on a store's shelf waiting to be sold, it is inventory. Once the shovel is sold to a customer, it is no longer inventory, although it continues to be tangible personal property.
[4] The record in this case is insufficient to determine whether electricity in this instance is capable of being inventory (generated but not yet sold). However, we do not need to make that determination to decide this case.