PER CURIAM.
While this Court was considering the validity of an initiative petition circulated pursuant to article XI, section 3 of the Florida Constitution,[1] the Attorney General requested that we review the corresponding financial impact statement to evaluate its compliance with section 100.371 of the Florida Statutes. For the reasons that follow, we conclude that we have jurisdiction, see art. IV, § 10, art. V, § 3(b)(10), Fla. Const., but remand the statement to the Financial Impact Estimating Conference for redrafting because the statement does not meet the statutory requirements in its current form.
The first issue before this Court is to determine whether the Court has jurisdiction over the matter. Judicial review of financial impact statements is a recent development. In a majority of the cases, the financial impact statements were considered at the same time as the other matters pertaining to the ballot initiative. Based on recent changes to the constitution which now require certain deadlines for the issuance of an opinion relating to the amendment and summary, however, the financial impact statement review often occurs after the other ballot initiative matters have been resolved, thus requiring this Court to review our jurisdiction anew.
There are two constitutional provisions which are the asserted basis for this Court’s jurisdiction. First, article V, section 3(b)(10), provides that the Court:
(10) Shall, when requested by the attorney general pursuant to the provisions of Section 10 of Article IV, render an advisory opinion of the justices, addressing issues as provided by general law.
*211 Art. V, § 3(b)(10), Fla. Const, (emphasis added). Article IV, section 10, in turn, provides as follows:
SECTION 10. Attorney General.— The attorney general shall, as directed by general law, request the opinion of the justices of the supreme court as to the validity of any initiative petition circulated pursuant to. Section 3 of Article XI. The justices shall, subject to their rules of procedure, permit interested persons to be heard on the questions presented and shall render their written opinion no later than April 1 of the year in which the initiative is to be submitted to the voters pursuant to Section 5 of Article XI.
Art. IV, § 10, Fla. Const, (emphasis added). Accordingly, initiative petitions, including the requirement for financial impact statements as they relate to initiative petitions, are one of the rare instances where this Court’s constitutional jurisdiction incorporates the provisions set forth by general law.
Section 100.371 of the Florida Statutes sets forth the overall procedural process relating to the requirements for placing an initiative on the ballot, including those matters that this Court must address relating to a financial impact statement:
(1) Constitutional amendments proposed by initiative shall be placed on the ballot for the general election, provided the initiative has been filed with the Secretary of State no later than February 1 of the year the general election is held. A petition shall be deemed to be filed with the Secretary of State upon the date the secretary determines that the petition has been signed by the constitutionally required number of electors.
[[Image here]]
(5)(a) Within 45 days after receipt of a proposed revision or amendment to the State Constitution by initiative petition from the Secretary of State, the Financial Impact Estimating Conference shall complete an analysis and financial impact statement to be placed on the ballot of the estimated increase or decrease in any revenues or costs to state or local governments resulting from the proposed initiative. The Financial Impact Estimating Conference shall submit the financial impact statement to the Attorney General and Secretary of State.
(b) The Financial Impact Estimating Conference shall provide an opportunity for any proponents or opponents of the initiative to submit information and may solicit information or analysis from any other entities or agencies, including the Office of Economic and Demographic Research.
(c) All meetings of the Financial Impact Estimating Conference shall be open to the public. The President of the Senate and the Speaker of the House of Representatives, jointly, shall be the sole judge for the interpretation, implementation, and enforcement of this subsection.
1. The Financial Impact Estimating Conference is established to review, analyze, and estimate the financial impact of amendments to or revisions of the State Constitution proposed by initiative. The Financial Impact Estimating Conference shall consist of four principals: one person from the Executive Office of the Governor; the coordinator of the Office of Economic and Demographic Research, or his or her designee; one person from the professional staff of the Senate; and one person from the professional staff of the House of Representatives. Each principal shall have appropriate fiscal expertise in the subject matter of the initiative. A Financial *212 Impact Estimating Conference may be appointed for each initiative.
2. Principals of the Financial Impact Estimating Conference shall reach a consensus or majority concurrence on a clear and unambiguous financial impact statement, no more than 75 words in length, and immediately submit the statement to the Attorney General. Nothing in this subsection prohibits the Financial Impact Estimating Conference from setting forth a range of potential impacts in the financial impact statement. Any financial impact statement that a court finds not to be in accordance with this section shall be remanded solely to the Financial Impact Estimating Conference for redrafting. The Financial Impact Estimating Conference shall redraft the financial impact statement within 15 days.
3. If the members of the Financial Impact Estimating Conference are unable to agree on the statement required by this subsection, or if the Supreme Court has rejected the initial submission by the Financial Impact Estimating Conference and no redraft has been approved by the Supreme Court by 5 p.m. on the 75th day before the election, the following statement shall appear on the ballot pursuant to s. 101.161(1): “The financial impact of this measure, if any, cannot be reasonably determined at this time.”
(d) The financial impact statement must be separately contained and be set forth after the ballot summary as required in s. 101.161(1).
(e) 1. Any financial impact statement that the Supreme Court finds not to be in accordance with this subsection shall be remanded solely to the Financial Impact Estimating Conference for redrafting, provided the court’s advisory opinion is rendered at least 75 days before the election at which the question of ratifying the amendment will be presented. The Financial Impact Estimating Conference shall prepare and adopt a revised financial impact statement no later than 5 p.m. on the 15th day after the date of the court’s opinion.
2. If, by 5 p.m. on the 75th day before the election, the Supreme Court has not issued an advisory opinion on the initial financial impact statement prepared by the Financial Impact Estimating Conference for an initiative amendment that otherwise meets the legal requirements for ballot placement, the financial impact statement shall be deemed approved for placement on the ballot.
3. In addition to the financial impact statement required by this subsection, the Financial Impact Estimating Conference shall draft an initiative financial information statement. The initiative financial information statement should describe in greater detail than the financial impact statement any projected increase or decrease in revenues or costs that the state or local governments would likely experience if the ballot measure were approved. If appropriate, the initiative financial information statement may include both estimated dollar amounts and a description placing the estimated dollar amounts into context. The initiative financial information statement must include both a summary of not more than 500 words and additional detailed information that includes the assumptions that were made to develop the financial impacts, workpapers, and any other information deemed relevant by the Financial Impact Estimating Conference.
4. The Department of State shall have printed, and shall furnish to each supervisor of elections, a copy of the summary from the initiative financial in *213 formation statements. The supervisors shall have the summary from the initiative financial information statements available at each polling place and at the main office of the supervisor of elections upon request.
5. The Secretary of State and the Office of Economic and Demographic Research shall make available on the Internet each initiative financial information statement in its entirety. In addition, each supervisor of elections whose office has a website shall post the summary from each initiative financial information statement on the website. Each supervisor shall include the Internet addresses for the information statements on the Secretary of State’s and the Office of Economic and Demographic Research’s websites in the publication or mailing required by s. 101.20.
(6) The Department of State may adopt rules in accordance with s. 120.54 to carry out the provisions of subsections (l)-(5).
§ 100.371, Fla. Stat. (2006) (emphasis added). Section 100.371(5) expressly provides that this Court shall review financial impact statements in its advisory opinion and sets forth the appropriate procedure. Section 101.161(1) also provides guidance, demonstrating that the financial impact statement is simply another aspect of the initiative process, the same as the ballot summary and the ballot title:
Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot after the list of candidates, followed by the word “yes” and also by the word “no,” and shall be styled in such a manner that a yes vote will indicate approval of the proposal and a “no” vote will indicate rejection. The wording of the substance of the amendment or other public measure and the ballot title to appear on the ballot shall be embodied in the joint resolution, constitutional revision commission proposal, constitutional convention proposal, taxation and budget reform commission proposal, or enabling resolution or ordinance. Except for amendments and ballot language proposed by joint resolution, the substance of the amendment or other public measure shall be an explanatory statement; not exceeding 75 words in length, of the chief purpose of the measure. In addition, for every amendment proposed by initiative, the ballot shall include, following the ballot summary, a separate financial impact statement concerning the measure prepared by the Financial Impact Estimating Conference in accordance with s. 100.371(6). The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of.
§ 101.161(1), Fla. Stat. (2006).
Reading article V, section 3(b)(10) and article IV, section 10 of the Florida Constitution, in pari materia with the statutory provisions relating to the requirements imposed on initiative petitions, we find that this Court has jurisdiction. The Constitution mandates that this Court review all issues relating to initiative petitions as provided by general law. Section 100.371 clearly mandates that one of the areas to be reviewed by this Court is the financial impact statement. In three separate places, section 100.371 refers to this Court performing a judicial review of the statement to ensure its conformity with statutory requirements. Even section 101.161 is not so explicit with regard to the judicial review over the other portions relating to the validity of the initiative petitions. In *214 fact, since the whole construction of the statute contemplates this Court’s review of financial impact statements, the entire provision becomes a nullity if we construe the statute contrary to its clear and plain intent. See, e.g., Koile v. State, 934 So.2d 1226 (Fla.2006) (holding that a statute must be construed in its entirety and as a whole). Based on these provisions of general law, the Florida Constitution mandates that the advisory opinion address the financial impact statement portion of the initiative process.
Next, this Court must determine whether the financial impact statement at issue complies with the requirements provided in the Florida Constitution and the statutes. Article XI, section 5, Florida Constitution, addresses financial impact statements and provides in relevant part:
(c) The legislature shall provide by general law, prior to the holding of an election pursuant to this section, for the provision of a statement to the public regarding the proháble financial impact of any amendment proposed by initiative pursuant to section 3.
(Emphasis added.) Section 100.371(5), Florida Statutes (2006), now addresses the financial impact statement as follows:
(5)(a) Within 45 days after receipt of a proposed revision or amendment to the State Constitution by initiative petition from the Secretary of State, the Financial Impact Estimating Conference shall complete an analysis and financial impact statement to be placed on the ballot of the estimated increase or decrease in any revenues or costs to state or local governments resulting from the proposed initiative. The Financial Impact Estimating Conference shall submit the financial impact statement to the Attorney General and Secretary of State.
[[Image here]]
(c)....
2. Principals of the Financial Impact Estimating Conference shall reach a consensus or majority concurrence on a clear and unambiguous financial impact statement, no more than 75 words in length, and immediately submit the statement to the Attorney General. Nothing in this subsection prohibits the Financial Impact Estimating Conference from setting forth a range of potential impacts in the financial impact statement.
§ 100.371(5), Fla. Stat. (2006) (emphasis added). In deciding the validity of a financial impact statement, the Court has limited itself only to address whether the statement is clear, unambiguous, consists of no more than seventy-five words, and is limited to address the estimated increase or decrease in any revenues or costs to the state or local governments. See Advisory Op. re Protect People from Health Hazards of Using Tobacco, 926 So.2d 1186, 1194 (Fla.2006).
In this case, the proposed financial impact statement provides as follows:
The direct impact of this amendment on local government expenditures cannot be determined precisely. Over each two year election cycle, local governments cumulatively will incur significant costs (millions of dollars statewide). Costs will vary depending on the processes employed by cities and counties in obtaining approval for plan amendments. The direct impact on state government expenditures will be insignificant. There will be no direct impact on government revenues.
The sponsor asserts that the second and the third sentences within the financial impact statement are overly vague or confusing and thus defective.
Upon review, we find that the second sentence is indeed misleading. Specifieal *215 ly, it states that “[o]ver each two year election cycle, local governments cumulatively will incur significant costs (millions of dollars statewide).” This statement, however, assumes that numerous local governments will have out-of-cycle changes to their respective comprehensive land use plans, necessitating special elections. Although the Financial Impact Estimating Commission is speculating that local government will be holding special out-of-cycle elections, the statement itself does not indicate that the estimated millions of dollars is dependant upon how many times counties and cities throughout the State will attempt out-of-cycle amendments to their comprehensive land use plans. In fact, the apparent purpose of the proposed amendment is to limit the amount of revisions to a county’s or a city’s comprehensive land use plan. The Commission’s assumption assumes that the proposed amendment will not have its intended effect. Because this sentence is misleading and does not inform the voter that the anticipated costs are contingent upon such factors, the Court finds that the second sentence in the financial impact statement does not comply with section 100.371(5), Florida Statutes. The Court remands the statement to the Financial Impact Estimating Conference for redrafting pursuant to section 100.371(5)(e)l.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, and QUINCE, JJ., concur.
BELL, J., dissents with an opinion, in which CANTERO, J., concurs.

. This Court approved the proposed amendment for placement on the ballot. See Advisory Opinion to Attorney General re Referenda Required For Adoption and Amendment of Local Government Comprehensive Land Use Plans, 938 So.2d 501 (Fla.2006).