WELLS, J.,
dissenting.
The majority strikes the financial impact statements, holding that they are misleading because the majority questions the accuracy of the Financial Impact Estimating Conference’s estimate that the proposed amendment will probably cost millions of dollars. Without holding a hearing, reviewing testimony, or studying the information before the Conference,[5] the majority disagrees with the Conference and concludes that the amendments clearly will have no additional financial impact. By doing so, it is my view that the majority simply substitutes its judgment for the judgment of the Conference. As addressed in my prior dissent, this Court does not have the authority from either the Florida Constitution or from the statutes to strike a financial impact statement simply because the majority does not agree with the conclusions of the Conference. See Advisory Op. to Att’y Gen. re Referenda Required for Adoption & Amendment of Local Gov’t Comprehensive Land Use Plans, 992 So.2d 190, 194 (Fla.2008) (Wells, J., dissenting). Under section 100.371, this Court can review only whether the statement is clear, unambiguous, consists of no more than seventy-five words, and is limited to addressing the estimated increase or decrease in any revenues or costs to the state or local governments. See Advisory Op. to Att’y Gen. re Referenda Required for Adoption & Amendment of Local Gov’t Comprehensive Land Use Plans, 963 So.2d 210, 214 (Fla.2007). Therefore, I dissent.
CANADY and POLSTON, JJ., concur.

. Pragmatically, this Court is unable to review such information because the Court does not have the same type of record for such a proceeding — a point which only emphasizes the importance as to why the Court should not involve itself in attempting to determine the accuracy of the Conference’s conclusions.