POLSTON, J.,
concurring in part and dissenting in part.
I would partially grant Interim Secretary of State Roberts’ petition and direct *685 the circuit court to dismiss any claims involving the single-subject requirement of article XI, section 3 of the Florida Constitution or the ballot title and summary requirements of section 101.161, Florida Statutes. However, because this Court’s exclusive jurisdiction over initiative petitions does not extend beyond these single-subject and ballot title and summary issues,[3] I do not believe that this Court can direct the circuit court to dismiss the other pre-election claims raised by the parties by exercising our all writs jurisdiction or granting a prohibition petition. In addition, I disagree with the majority’s determination that the other claims are not justiciable.
Accordingly, I concur in part and dissent in part.
I.
As the majority accurately notes, the applicability of the doctrine of all writs and the applicability of the writ of prohibition in this case depends upon this Court having exclusive jurisdiction over the challenges involved. See majority op. at 678.
Article V, section 3 of the Florida Constitution outlines this Court’s jurisdiction as follows:
(b) JURISDICTION. — The supreme court:
[[Image here]]
(10) Shall, when requested by the attorney general pursuant to the provisions of Section 10 of Article IV, render an advisory opinion of the justices, addressing issues as provided by general law.
And section 10 of article IV states:
SECTION 10. Attorney General.— The attorney general shall, as directed by general law, request the opinion of the justices of the supreme court as to the validity of any initiative petition circulated pursuant to Section 3 of Article XI. The justices shall, subject to their rules of procedure, permit interested persons to be heard on the questions presented and shall render their written opinion no later than April 1 of the year in which the initiative is to be submitted to the voters pursuant to Section 5 of Article XI.
(Emphasis added.) Based upon the plain language of these provisions, this Court has original and exclusive jurisdiction to render advisory opinions to the attorney general regarding the validity of initiative petitions circulated under section 3 of article XI. See Advisory Op. to Att’y Gen. re Stop Early Release of Prisoners, 661 So.2d 1204, 1205 (Fla.1995); Advisory Op. to Att’y Gen. re Stop Early Release of Prisoners, 642 So.2d 724, 725 (Fla.1994).
Importantly, however, our precedent indicates that this exclusive jurisdiction is quite limited. Specifically, “[t]he Court’s inquiry, when determining the validity of initiative petitions, is limited to two legal issues: whether the petition satisfies the single-subject requirement of article XI, section 3, Florida Constitution, and whether the ballot titles and summaries are printed in clear and unambiguous language pursuant to section 101.161, Florida Statutes (1999).” Advisory Op. to Att’y Gen. re Protect People, Especially Youth, from Addiction, Disease, & Other Health Hazards of Using Tobacco, 926 So.2d 1186, 1190 (Fla.2006) (quoting Advisory Op. to Att’y Gen. re Amendment to Bar Gov’t from Treating People Differently Based on *686 Race in Pub. Educ., 778 So.2d 888, 890-91 (Fla.2000)); see also Advisory Op. to Att’y Gen.—Ltd. Political Terms in Certain Elected Offices, 592 So.2d 225, 227 (Fla.1991). Therefore, this Court only has exclusive jurisdiction over determinations regarding the single-subject requirement and the ballot title and summary requirements. Neither our precedent nor the plain language of the constitution supports the majority’s expansion of our exclusive jurisdiction to include every possible pre-election challenge of an initiative petition.
II.
In addition to ruling that this Court has exclusive jurisdiction over all pre-election challenges to initiative petitions, the majority rules that the other claims brought by the parties (those that do not involve the single subject, ballot title, and summary requirements) are not justiciable. See majority op. at 684 n. 2. In reaching this conclusion, the majority cites Advisory Opinion to Attorney General—Limited Political Terms in Certain Elective Offices, 592 So.2d at 227. This Court, in that term limits opinion, ruled that other claims, like the constitutional claims brought in the instant case, cannot be heard in an advisory opinion proceeding, which is limited to whether a ballot title and summary comply with article XI, section 3 of the Florida Constitution and section 101.161, Florida Statutes. 592 So.2d at 227 (“[W]e find that those issues are not justiciable in the instant proceeding. ” (emphasis added)). The Court did not hold that these other claims could not be brought in a different proceeding in circuit court.[4]
Circuit courts in Florida routinely address constitutional issues pre-election to determine whether a proposed amendment should go on the ballot. For example, in Citizens for Responsible Growth v. City of St. Pete Beach, 940 So.2d 1144, 1147 (Fla. 2d DCA 2006) (quoting W. Palm Beach Ass’n of Firefighters, Local Union 727 v. Bd. of City Comm’rs, 448 So.2d 1212, 1214 (Fla. 4th DCA 1984)), the Second District noted that “[i]f the opponent of a proposed amendment ‘in good faith questions the constitutionality of the ordinance in its entirety and on its faee[,] the court may properly consider that question in advance of an election concerning its approval.’ ” The Second District went on to hold that the circuit court had jurisdiction to entertain the declaratory action. Citizens for Responsible Growth, 940 So.2d at 1147; see also Gaines v. City of Orlando, 450 So.2d 1174 (Fla. 5th DCA 1984) (holding that a circuit court may make a pre-election determination of the facial constitutionality of any proposed amendment). No jurisdictional infirmities exist, and none are specifically created by the Florida Constitution for citizen initiative amendments that would cause them to be different than other proposed amendments. Therefore, the circuit court has jurisdiction before the election to determine whether a citizen-initiative amendment is constitutional, just as the circuit court has jurisdiction before the election to determine whether other proposed amendments are constitutional.
The majority justifies its decision in part by referencing the rule of law that a circuit court does not have jurisdiction to render an advisory opinion based on hypothetical facts. See majority op. at 680. But this entirely misses the point of who gets to decide whether the claims are based on hypothetical facts. The majority’s ruling *687 is in violation of the well-settled law that a court itself decides whether it has jurisdiction or not. “Every court has judicial power to hear and determine the question of its own jurisdiction, both as to parties and as to subject matter, and necessarily does so by proceeding in the cause.” State ex rel. B.F. Goodrich Co. v. Trammell, 140 Fla. 500, 192 So. 175, 177 (1939) (quoting 15 C.J. § 170, at 851 (1918)). Here, the majority unjustifiably takes the claims not yet decided by the circuit court and decides they are not justiciable without giving the circuit court an opportunity to rule on them or determine whether they are justiciable. The majority has overreached.
Arguments could be made as to whether the various claims raised by the parties in this case are justiciable for determination prior to adoption. But the petitioners did not raise those arguments in their motions to dismiss; therefore, the trial court did not address the issue in its Order on Motions to Dismiss subject to the writ filed in this Court. Instead, as the trial court noted, the petitioners argued that this Court has present mandatory and exclusive jurisdiction over all pre-election challenges to voter initiative petitions to amend the Florida Constitution. Accordingly, I do not decide this justiciable issue because it is not properly before us. Those arguments and any related facts should be decided by the circuit court rather than by this Court in an original writ proceeding. See art. V, § 5(b), Fla. Const.; §§ 86.011, 86.051, Fla. Stat. (2009); Davis v. Gulf Power Corp., 799 So.2d 298, 299 n. 1 (Fla. 1st DCA 2001) (ruling that Gulf Power stated a claim for declaratory relief regarding tax treatment of a proposed electric power plant expansion, citing section 86.051, which provided that “[a]ny declaratory judgment rendered pursuant to this chapter may be rendered by way of anticipation with respect to any act not yet done or any event which has not yet happened”).
III.
To summarize, based upon the Florida Constitution and our precedent, this Court only has exclusive jurisdiction over initiative petition claims involving the single-subject, ballot title, and summary requirements. Therefore, I would only direct the circuit court to dismiss the parties’ claims involving the single-subject requirement of article XI, section 3 of the Florida Constitution and the ballot title and summary requirements of section 101.161, Florida Statutes. The majority has decided that (i) this Court, not the circuit court, has jurisdiction over whether the other claims, never addressed by any court, are justicia-ble, and (ii) these claims, on the merits, are not justiciable. There is no jurisdictional transport into the Florida Supreme Court provided by the Florida Constitution or otherwise for the majority to make such an expansive ruling. There is no basis for determining that this Court has exclusive jurisdiction over every possible pre-election matter.
I do not understand as a matter of law how the parties’ challenges to the proposed amendment, not yet ruled on, may be procedurally or substantively barred on jurisdictional grounds. Moreover, it is not somehow preferable to wait to rule until after the citizens of Florida have voted to approve an amendment. See, e.g., Armstrong v. Harris, 773 So.2d 7 (Fla.2000).
Accordingly, I respectfully concur in part and dissent in part.

. This Court’s precedent may also support exclusive jurisdiction to review the financial impact statements of ballot initiatives. See Advisory Op. to Att’y Gen. re Referenda Required for Adoption & Amendment of Local Gov’t Comprehensive Land Use Plans, 963 So.2d 210 (Fla.2007).

. This Court's holding in the term limits case is consistent with this Court's ruling in Florida League of Cities v. Smith, 607 So.2d 397, 399 n. 3 (Fla.1992), that advisory opinions do not act as precedent over issues "not addressed at all in a prior advisory opinion.”